Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Matthew B. George (State Bar No. 239322)
mbg@girardgibbs.com
Caitlyn D. Finley (State Bar No. 286242)
cdf@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiff Christina Halpain*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA HALPAIN, on behalf of herself and all others similarly situated, | Case No. 5:13-CV-05226-LHK |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR CONSOLIDATION AND FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL** |
| vs. | |
| ADOBE SYSTEMS, INC., | Date:  March 13, 2014 |
| Defendant. | Time:  1:30 p.m. |
| | Judge:  Hon. Lucy H. Koh |
| This document also relates to: | Case No. 5:13-CV-05596-LHK |
| JOSEPH KAR, Individually And on Behalf of All Others Similarly Situated, | The Honorable Lucy H. Koh |
| Plaintiff, | |
| vs. | |
| ADOBE SYSTEMS, INC., a Delaware Corporation; and DOES 1 through 100, Inclusive, | |
| Defendants. | |
| CAPTION CONTINUED ON THE NEXT PAGE | |

| | |
|---|---|
| This document also relates to: | Case No. 5:13-cv-05611-LHK |
| ALAN HEIMLICH, ANNE MCGLYNN, on behalf of themselves and all others similarly situated, | The Honorable Lucy H. Koh |
| Plaintiffs, | |
| vs. | |
| ADOBE SYSTEMS, INC., | |
| Defendant. | |
| This document also relates to: | Case No. 5:13-cv-05930-LHK |
| CHRISTIAN DUKE, on behalf of himself and all others similarly situated, | The Honorable Lucy H. Koh |
| Plaintiff, | |
| vs. | |
| ADOBE SYSTEMS, INC., | |
| Defendant. | |
| This document also relates to: | Case No. 5:14-cv-00030-LHK |
| JACOB MCHENRY, on behalf of himself, and others similarly situated, | The Honorable Lucy H. Koh |
| Plaintiff, | |
| vs. | |
| ADOBE SYSTEMS INCORPORATED | |
| Defendant. | |
| CAPTION CONTINUED ON THE NEXT PAGE | |

| | |
|---|---|
| This document relates to: | Case No. 5:14-cv-00014-LHK |
| CATHERINE HOSINO, on behalf of herself and all others similarly situated, | The Honorable Lucy H. Koh |
| Plaintiffs, | |
| v. | |
| ADOBE SYSTEMS INCORPORATED, | |
| Defendant. | |
| This document relates to: | Case No. 5:14-cv-00157-LHK |
| MARCEL PAGE and MARCEL PAGE PHOTOGRAPHY, on behalf of themselves and all others similarly situated, | The Honorable Lucy H. Koh |
| Plaintiffs, | |
| v. | |
| ADOBE SYSTEMS, INC., | |
| Defendant. | |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 13, 2014, at 1:30 p.m. in Courtroom 8, 4th Floor of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, Plaintiff Christina Halpain will move the Court for consolidation and appointment of interim lead class counsel.

Pursuant to Rules 42(a)(2) and 23(g)(3) of the Federal Rules of Civil Procedure, Halpain moves for consolidation of the above-captioned actions (the "related actions") and seeks the appointment of Eric H. Gibbs of Girard Gibbs LLP as interim lead class counsel on behalf of the proposed class of Adobe account holders whose personal information is alleged to have been compromised as a result of Adobe's September 2013 data breach. Halpain also requests that the Court establish a steering committee to facilitate the efficient and most effective representation of the proposed class. Halpain's motion is based on this notice, the memorandum of points and authorities that follows, the accompanying declaration of Eric H. Gibbs, the proposed order, and such other matters as the Court may consider.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.** **INTRODUCTION**

Plaintiff Christina Halpain respectfully requests that the Court consolidate seven related putative class actions, appoint Eric Gibbs of Girard Gibbs LLP ("Girard Gibbs") as interim lead class counsel ("Lead Counsel"), establish a Plaintiffs' steering committee and set a schedule for the filing of a consolidated complaint and the briefing of Defendant's contemplated motion to dismiss. Notably, the Court has already formally related all seven of the cases.

Plaintiffs in each of the actions and Defendant support consolidation (although Defendant maintains that a class may not properly be certified in the consolidated case or any of the individual cases). Defendant joins in the request to establish a Plaintiffs' steering committee and set a schedule for the filing of a consolidated complaint and the briefing of Defendant's contemplated motion to dismiss. Defendant does not oppose the appointment of Mr. Gibbs as Lead Counsel, but otherwise takes no position on the selection of counsel.

In addition to consolidation, Plaintiffs' counsel seeks to appoint Lead Counsel, which will ensure that the prosecution of the cases is streamlined for the benefit of Plaintiffs and the other members of the proposed class ("Class"), as well as the Court. Plaintiffs' counsel in each of the seven related matters have conferred regarding the benefits of appointing Lead Counsel, and support the appointment of Mr. Gibbs to serve in that role.

Halpain also respectfully suggests that the Court approve the proposed steering committee ("Steering Committee"). The attorneys that Halpain proposes serve on the Steering Committee possess substantial experience in online privacy, data breach, and other complex class action litigation. When deployed efficiently by Lead Counsel, Steering Committee members will contribute valuable expertise and resources to the prosecution of this case. Thus, under the circumstances, Halpain believes a properly led Steering Committee will promote, rather than hinder, efficiency.

Finally, the parties have agreed on a schedule for the briefing of the consolidated case. Plaintiffs will file a consolidated complaint 21 days following the Court's entry of an order consolidating the cases. Defendant will file its contemplated motion to dismiss 45 days later; Plaintiffs will file an opposition 21 days after Defendant's motion, and Defendant will file a reply 21 days after Plaintiffs' opposition.

## II.  BACKGROUND

On November 11, 2013, Girard Gibbs filed the initial complaint against Adobe on behalf of Christina Halpain and a putative class of Adobe account holders. Halpain asserts claims against Adobe arising from a data breach in or around September 2013. Since Halpain filed the initial complaint, other Adobe account holders separately filed six related putative class action lawsuits against Adobe, asserting similar claims. All seven cases have been formally related before this Court. *See* Related Case Orders, Dkt. Nos. 22, 26.

## III.  ARGUMENT

### A.  The Court Should Consolidate the Related Actions Because They Involve Common Questions of Law and Fact.

Where cases before the same court "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue

any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The court has "broad discretion to consolidate cases under Rule 42, either by motions submitted by the parties or *sua sponte*." *Solannex, Inc. v. Misaole, Inc.*, Nos. CV 11-00171 PSG, CV 12-00832 PSG, 2013 WL 430984, at *2 (N.D. Cal. Feb. 1, 2013); *see also In re Adams Apple, Inc*., 829 F.2d 1484, 1487 (9th Cir. 1987).

Consolidating the related actions against Adobe is appropriate because all of the actions arise out of Adobe's 2013 data breach, and all of the related actions assert nearly identical legal claims against Adobe. The Court should, therefore, consolidate the cases. *See Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, Nos. 11-cv-2861-SC, 10-cv-5591-SC, 2012 WL 6095089, at *2 (N.D. Cal. Dec. 7, 2012) (finding consolidation appropriate because the cases involved common questions of law and fact and no party opposed consolidation, and because consolidation would "speed trial and conserve the parties' resources, as well as the Court's").

**B.** **The Court Should Appoint Lead Counsel and a Establish a Plaintiffs' Steering Committee**

**1.** **The Court Should Appoint Eric Gibbs of Girard Gibbs Lead Counsel.**

Federal Rule of Civil Procedure 23(g)(3) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Interim class counsel's role is identical to the role of class counsel in a certified class action: to "fairly and adequately represent the interests of the class." *Id.* The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation (Fourth)* § 21.11 (2004) ("*Manual*").

The criteria the court should consider in appointing interim class counsel (defined, for purposes of this Motion, as "Lead Counsel") include:

    i.    the work counsel has done in identifying or investigating potential claims in the action;

    ii.    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

iii.    counsel's knowledge of the applicable law; and

iv.    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1); *see also Flores v. Velocity Exp., Inc.*, No. 12-cv-05790-JST, 2013 WL 2468362, at *10 (N.D. Cal. June 7, 2013) (analyzing factors above and stating that "Rule 23(g)(1)(A), which applies to the appointment of class counsel, is also instructive in evaluating interim class counsel."). Plaintiffs in each of the cases support, and Defendant does not oppose, the appointment of Mr. Gibbs as Lead Counsel here. Given Plaintiffs' support and Defendant's lack of opposition to the appointment, Halpain moves on an abbreviated record, which she will supplement at the Court's request.

Mr. Gibbs and his firm, Girard Gibbs, have invested substantial time and effort identifying and investigating claims on behalf of Adobe account holders, including investigating all potential class claims, extensively reviewing Adobe's data protection practices, speaking with numerous Adobe customers who were impacted by the data breach and consulting with potential experts. (Gibbs Decl., ¶ 3). Additionally, Mr. Gibbs has worked cooperatively with Plaintiffs' and Defendant's counsel to organize the various related cases, streamline service of process, avoid the filing of unnecessary or duplicative motions, and schedule future proceedings. Mr. Gibbs has also worked with Plaintiffs' counsel to coordinate the drafting of a consolidated complaint and the retention of experts, and to otherwise streamline the prosecution of these matters. (Gibbs Decl., ¶ 4).

Mr. Gibbs and his firm consistently manage multi-firm cases efficiently, effectively and successfully. (*See* Gibbs Decl., ¶ 5). Examples of the firm's and Mr. Gibbs's recent privacy and consumer protection cases in California courts include:

- *In re Hyundai and Kia Fuel Economy Litigation*, MDL No. 2424, Case No. 13-md-02424 (GW). This Central District of California case concerns claims against Hyundai and Kia for overstating the miles per gallon (MPG) ratings for more than a third of their United States vehicle sales during the two years prior to November 2012. (Gibbs Decl., ¶ 5(a)). The parties are currently engaged in discovery and other proceedings regarding a proposed settlement negotiated by Hyundai, Kia, and a small group of plaintiffs. Mr. Gibbs serves as Court-appointed liaison counsel on behalf of the remaining 58 law firms representing non-settling plaintiffs. As such, Girard Gibbs is coordinating the discovery

and other litigation efforts between Hyundai, Kia, non-settling plaintiffs and settling plaintiffs.  Mr. Gibbs regularly reports to and interfaces with the Court regarding discovery and other matters.  (*Id.*).

- *Whitaker, et al., v. Health Net of California, Inc., et al.*, Case No. 2:11-cv-00910-KJM-DAD (E.D. Cal.); *Shurtleff v. Health Net of California, Inc., et al.*, Case No. 34-2012-00121600-CU-CL (Cal. Super. Ct., Sacramento Cty.).  Girard Gibbs serves as co-lead counsel in a multi-firm, multi-court privacy case alleging that Health Net, a large HMO, violated California law when it lost the personal, account, and medical information of 2.2 million of its subscribers in connection with a data breach in 2011.  (Gibbs Decl., ¶ 5(b)).  The Superior Court of California recently granted preliminary settlement approval.  (*Id.*).

- *In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, MDL No. 2032, No. 3:09-cv-02032 MMC (N.D. Cal.).  Mr. Gibbs served on the Plaintiffs' Executive Committee, which acted as lead counsel, and litigated whether Chase breached the implied duty of good faith and fair dealing.  (Gibbs Decl., ¶ 5(c)).  Judge Chesney certified a nationwide class and ultimately approved a $100 million cash settlement.  (*Id.*).  Because of their work on the Chase matter, Mr. Gibbs and his co-counsel were nominated as finalists for CAOC's 2013 Consumer Attorney of the Year award.  (Gibbs Decl., ¶ 7).

- *Sugarman, et al., v. Ducati North America, Inc.*, Case No. 5:10-cv-05246-JF (N.D. Cal.).  In a suit alleging consumer fraud claims relating to the expansion of Ducati's motorcycle fuel tanks, Girard Gibbs litigated and settled owners' claims for extended warranties that provided for tank-related repairs.  (Gibbs Decl., ¶ 5(d)).  In approving the settlement, Judge Jeremy Fogel said, "The Court recognizes that class counsel assumed substantial risk and burdens in this litigation.  Representation was professional and competent; in the Court's opinion, counsel obtained an excellent result for the class."  (*Id.*).

- *Smith v. Regents of the University of California, San Francisco*, Case No. RG-08-410004 (Cal. Super. Ct., Alameda Cty.).  Girard Gibbs represented a patient alleging that UCSF's disclosure of its patients' medical data to outside vendors violated California medical

privacy law. (Gibbs Decl., ¶ 5(e)).  In approving a stipulated permanent injunction that stopped UCSF from engaging in the conduct plaintiff complained of, and which required UCSF to institute updated privacy procedures and training for staff, Judge Stephen Brick found that "plaintiff Smith has achieved a substantial benefit to the entire class and the public at large."  (*Id.*).

Finally, Mr. Gibbs and his firm have the ability and commitment to devote substantial resources to representing the Plaintiffs and Class members in these actions.  The firm employs nearly 30 attorneys and is supported by a team of five litigation assistants and numerous other support staff.  It possesses extensive technological resources useful for litigating class actions, including software tools that allow the firm to litigate cases of any size and scope.  Girard Gibbs is widely acknowledged by its peers as possessing the skills and resources to litigate class actions effectively and efficiently.  (Gibbs Decl., ¶¶ 6-8).

### 2. The Court Should Grant Lead Counsel Case Management Responsibilities.

Plaintiffs' proposed Lead Counsel requests authority and responsibility over Plaintiffs' participation in the following matters: (1) the initiation, response, scheduling, briefing, and argument related to all pleadings or motions; (2) the scope, order, and conduct of all discovery proceedings; (3) retaining common experts; (4) designating the appearance of Plaintiffs' counsel at hearings and conferences; (5) leading common settlement negotiations and entering into prospective agreements with Defendant; (6) receiving and distributing among Plaintiffs' counsel, as appropriate, notice of all Court orders and notices of pretrial conferences and acting as the primary contact between the Court and Plaintiffs' counsel; (7) establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all documents served upon Plaintiffs' counsel; (8) establishing and maintaining a current Master Service List of counsel of record; and (9) all other matters concerning the efficient and economical conduct of the Consolidated Action.

In addition to the above, Plaintiffs' proposed Lead Counsel is mindful of the Court's concerns over duplication of effort, and will be vigilant in his responsibility to coordinate amongst other Plaintiffs' Counsel to ensure the efficient and economical prosecution of this matter, as well as preventing unnecessary duplication of effort.  In furtherance of those responsibilities, Plaintiffs'

proposed Lead Counsel requests authority and responsibility over the following matters as they relate to Plaintiffs and Plaintiffs' counsel: (1) assigning work to other Plaintiffs' counsel, as may be appropriate and in the Class's best interest; (2) implementing time and expense record keeping policies; (3) collecting time and expense reports from all Plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments and expenses; and (5) otherwise ensuring that Plaintiffs' counsel not perform common benefit work or attend hearings or depositions or other events without Lead Counsel's authorization. Plaintiffs' proposed Lead Counsel believes such authority would enable him to fulfill the most important role of Lead Counsel – "achieving efficiency and economy without jeopardizing fairness to the parties." *Manual*, § 10.221. Plaintiffs' counsel in each of the matters supports authorizing proposed Lead Counsel to assume these responsibilities.

**C.    The Court Should Establish a Steering Committee to Further Advance the Efficiency of this Litigation.**

In addition to appointing Mr. Gibbs as Lead Counsel, Plaintiff also respectfully requests that the Court establish a Steering Committee comprised of the following counsel: Shehnaz Bhujwala of Khorrami Boucher Sumner Sanguinetti, LLP (Plaintiff Kar); Elizabeth C. Pritzker of Pritzker Law (Plaintiff Heimlich); Timothy G. Blood of Blood Hurst & O'Reardon, LLP (Plaintiff Duke); Gary Mason of Whitfield Bryson & Mason LLP (Plaintiff McHenry); Todd Friedman of Law Offices of Todd Friedman, P.C (Plaintiff Hosino); and Adam J. Levitt of Grant & Eisenhofer, P.A. (Plaintiff Page). Each of the proposed Steering Committee members has extensively investigated Adobe's alleged misconduct and the legal claims belonging to Plaintiffs and Class members, and is therefore familiar with the facts of this case. (Gibbs Decl., ¶ 10; Exs. B-G) (firm resumes of each member of the proposed Steering Committee)). The members of the proposed Steering Committee are also experienced and accomplished class action and privacy rights litigators. For instance, certain members are court-appointed counsel in other privacy cases, including multi-district litigation, and have in-depth experience working with privacy experts; others have experience addressing state-of-the-art pleading and other complex legal issues that may arise in this litigation; and still others have significant experience addressing nationwide class certification in similar consumer protection matters. (*See id.*). Lead Counsel, Plaintiffs, the other Class members, and the Court will benefit significantly if Lead Counsel, mindful of his obligations to

maintain efficiencies and prevent duplicative efforts, is allowed to draw upon the individual strengths and collective experience of the Steering Committee members in the prosecution of this case.

In the event that the Court decides against establishing the proposed Steering Committee, Plaintiffs in each of the pending matters respectfully request that the Court proceed with the appointment of Mr. Gibbs as Lead Counsel, as contemplated above.

### D. The Court Should Approve the Following Briefing Schedule.

Proposed Lead Counsel has conferred with Plaintiffs' counsel and Defendant's counsel, and all parties have agreed upon the following proposed briefing schedule, subject to the Court's availability and approval:

| EVENT | DEADLINE |
|---|---|
| File consolidated class action complaint | 21 days after Court enters order consolidating cases |
| File motion to dismiss | 45 days after consolidated complaint |
| File opposition | 21 days after Defendant's motion to dismiss |
| File reply | 21 days after Plaintiffs' opposition to motion to dismiss |
| Initial Conference | March 5, 2014 |

## IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court consolidate the related actions, and all Plaintiffs respectfully request that the Court appoint Eric Gibbs of Girard Gibbs as Lead Counsel and establish a Steering Committee to further promote the efficiency of this litigation.

Respectfully submitted,

Dated: January 31, 2014          **GIRARD GIBBS LLP**

By: /s/ Eric H. Gibbs
Eric H. Gibbs

Proposed Steering Committee:

Dated: January 31, 2014         **KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP**

By: /s/ Shehnaz M. Bhujwala
       Shehnaz M. Bhujwala

Dated: January 31, 2014         **PRITZKER LAW**

By: /s/ Elizabeth C. Pritzker
       Elizabeth C. Pritzker

Dated:  January 31, 2014        **BLOOD HURST & O'REARDON, LLP**

By: /s/ Timothy G. Blood
       Timothy G. Blood

Dated: January 31, 2014         **WHITFIELD BRYSON & MASON LLP**

By: /s/ Gary Mason
       Gary Mason

Dated: January 31, 2014         **LAW OFFICES OF TODD FRIEDMAN, P.C.**

By: /s/ Todd Friedman
       Todd Friedman

Dated: January 31, 2014         **GRANT & EISENHOFER P.A.**

By: /s/ Adam J. Levitt
       Adam J. Levitt

## **ATTESTATION**

2     I, Eric H. Gibbs, am the ECF User whose ID and password are being used to file this document.

3 In compliance with Local Rule 5-1(i)(3), I hereby attest  that all other signatories listed have concurred

4 in this filing.

5

6 Dated:  January 31, 2014                        By:    /s/ Eric H. Gibbs

7                                                                  Eric H. Gibbs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR CONSOLIDATION AND FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL
CASE NO. 5:13-CV-05226-LHK