**ARNOLD & PORTER LLP**
KENNETH L. CHERNOF (SBN 156187)
RONALD D. LEE (SBN 156025)
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  202.942.5000
Facsimile:  202.942.5999
E-Mail: ken.chernof@aporter.com
E-Mail: ronald.lee@aporter.com

TRACY T. LANE (SBN 184666)
RACHEL L. CHANIN (SBN 229253)
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111
Telephone:  415.471.3100
Facsimile:  415.471.3400
E-Mail: tracy.lane@aporter.com
E-Mail: rachel.chanin@aporter.com

*Attorneys for Defendant Adobe Systems Incorporated*

**GIRARD GIBBS LLP**
ERIC H. GIBBS (SBN 178658)
MATTHEW B. GEORGE (SBN 239322)
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  415.981.4800
Facsimile:  415.981.4846
Email:  ehg@girardgibbs.com
Email:  mbg@girardgibbs.com

*Plaintiffs' Interim Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Adobe Systems Inc. Privacy Litigation* | Lead Case No.: 5:13-CV-05226-LHK |
| | [Consolidated with Case Nos. 13-cv-05596-LHK, 13-cv-05611-LHK, 13-cv-05930-LHK, 14-cv-00014-LHK, 14-cv-00030-LHK, and 14-cv-00157-LHK] |
| | **SECOND JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| | The Honorable Lucy H. Koh |
| | Date:  August 21, 2014 Time: 1:30 p.m. |

1    Plaintiffs Christina Halpain, Joseph Kar, Anne McGlynn, Christina Duke, Jacob McHenry,

2    and Marcel Page ("Plaintiffs") and Defendant Adobe Systems Incorporated ("Adobe" or

3    "Defendant") (collectively, "Parties") hereby provide this Joint Case Management Conference

4    Statement in advance of the Court's Case Management Conference scheduled for August 21, 2014.

5         1.    **JURISDICTION AND SERVICE:**  No parties remain to be served.  Plaintiffs

6    assert jurisdiction under 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act).  Adobe does not

7    dispute personal jurisdiction but, as set forth below, contests subject matter jurisdiction under

8    Article III of the U.S. Constitution.

9         2.    **FACTS:**

10        **Plaintiffs' Statement:** Adobe is a multinational computer software company that sells and

11   licenses printing, publishing, multimedia, and graphics software products to consumers,

12   professionals, publishers, developers, businesses and organizations.  In October 2013, Adobe began

13   notifying 38 million of its customers of a security breach in which hackers stole a treasure trove of

14   customers' personal information including their names, login IDs, passwords, credit and debit card

15   numbers with expiration dates, and addresses, as well as source code for Adobe's software products.

16   The massive breach began weeks before and did not come as a surprise to industry experts familiar

17   with Adobe's security practices who warned that Adobe's shoddy security protocols and track

18   record of previous breaches made it susceptible to massive hack of the scope and depth that

19   resulted.  Despite at least eight significant security breaches in the last seven years, Adobe failed to

20   disclose to customers how vulnerable their personal information was and instead promised

21   customers that it would provide "reasonable administrative, technical, and physical security

22   controls" to protect customers and their personal information.  Adobe also represents to customers

23   that it adheres to "latest best-practice policies regarding online security" and that it works with

24   industry researchers and organizations to "ensure the latest security best practices are built into

25   every product and service we offer."  However, Adobe's actual security practices are substandard

26   and have resulted in several breaches of Adobe's networks and software, presenting a continuing

27   threat of future harm to Adobe's customers.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs purchased Adobe's software products and were victimized by the security breach announced in October 2013.  Plaintiffs have filed a proposed class action generally alleging that Adobe breached its legal obligations with class members to protect their sensitive personal data, that Adobe unlawfully permitted hackers to steal class members' personal information for resale on black market websites, that Adobe did not protect software source code that has compromised the security of class members' computers, that Adobe failed to disclose its substandard security practices that compromised their personal property and information, and that class members lost money and property through purchasing Adobe's products and services that they would not have otherwise purchased.  Plaintiffs' Consolidated Complaint alleges claims for violations of California's Customer Records Act, Civil Code § 1798.90, *et seq*., California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and for a declaration of rights that Adobe's existing security measures do not comply with its contractual obligations to reasonably protect its customers' data.  Plaintiffs seek restitution, injunctive and declaratory relief.

**Defendant's Statement:**  In September 2013, Adobe discovered that it had been the victim of a computer attack in which a third-party illegally accessed certain Adobe networks.  Adobe discovered that certain customers' usernames, passwords, and, in some instances, encrypted payment card information had been potentially impacted.  After investigating and identifying the customers whose information may have been impacted, Adobe publicly announced the incident on October 3, 2013.  At that time, Adobe reset the usernames and passwords of potentially impacted customers and began sending emails notifying them about the incident.  Adobe has offered one year of free credit monitoring to any customer whose payment card information was potentially impacted by the incident.

Plaintiffs originally filed seven putative class action complaints asserting claims for, among other things, breach of contract, negligence, and misrepresentation.  On April 4, 2014, Plaintiffs filed an Amended Consolidated Complaint in which they abandoned their claims for breach of contract, negligence, and misrepresentation, and all of their claims for damages.  They also admit in the Amended Consolidated Complaint that they agreed to the terms of Adobe's Privacy Policy,

which provides that "despite our efforts, no security controls are 100% effective and Adobe cannot ensure or warrant the security of your personal information."

Plaintiffs now assert four claims for injunctive relief, declaratory relief, and restitution under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"), California's Data Breach Notification Act, California Civil Code § 17981.81.5(b) and 1798.82, and the Declaratory Judgment Act.  However, like the original individual actions, Plaintiffs' Consolidated Complaint is fatally deficient in that no Plaintiff alleges facts demonstrating that his or her information has actually been accessed and used to his or her detriment as a result of the security incident, or that any of them has suffered any actual injury as a result of the incident.  Nor can plaintiffs seek breach of contract remedies in the absence of any breach of contract, particularly when those remedies would be purely advisory in nature.  Nor can any Plaintiff seeking restitution establish their fraudulent omissions claim where (a) Plaintiffs fail to allege facts sufficient to show that the allegedly omitted facts were within Adobe's exclusive knowledge, and (b) Plaintiffs cannot demonstrate the requisite reliance on any alleged omission given that both Plaintiffs did not cancel their subscriptions after they became aware of the security incident and one even re-subscribed.  Moreover, Plaintiffs' peculiar allegations, and their assertion that their restitution claim is based on their personal desire to switch products, will preclude any class certification.

### 3.   **LEGAL ISSUES:**

(A) Whether Plaintiffs have standing under Article III of the United States Constitution and/or statutory standing under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL") and the California Customer Records Act, Cal. Civ. Code § 1798.80 *et seq.*; (B) Whether Adobe's conduct violated the claims alleged in Plaintiffs' complaint; (C) Whether a nationwide class, or any class, is appropriately certified under Federal Rule of Civil Procedure 23; (D) Whether there is any genuine issue of material fact as to whether any of the named Plaintiffs' claims or Defendant's affirmative defenses may be maintained; (E) The appropriate amount of restitution to be awarded on Plaintiffs' claims if they prevail; and (F) The appropriate scope of injunctive and declaratory relief to be ordered if Plaintiffs prevail.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:13-CV-05226-LHK

4.      **MOTIONS:**  Currently pending before this court is Adobe's Motion to Dismiss the Consolidated Amended Complaint (ECF No. 45).  Plaintiffs opposed the Motion on June 11, 2014 (ECF No. 47) and Adobe filed a reply on July 2, 2014 (ECF No. 50).

**Plaintiffs' Statement:**  Plaintiffs anticipate filing a motion for class certification under Federal Civil Rule 23 (see Section 9) and may file a motion for summary judgment under Federal Civil Rule 56 after discovery is taken.  Plaintiffs have opposed Adobe's motion to dismiss, demonstrating that under Ninth Circuit precedent Plaintiffs have standing in data breach cases like this one in which personal data has been stolen by criminals and increases the risk of identity theft. *Krottner v. Starbucks*, 628 F.3d 1139 (9th Cir. 2010); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, MDL 11MD2258 AJB MDD, 2014 WL 223677 (S.D. Cal. Jan. 21, 2014).  Plaintiffs' Consolidated Complaint has also demonstrated standing by alleging with particularity their economic injuries arising from Adobe's failure to disclose its poor security practices and to secure their personal property and information, and that they are entitled to restitution as well as declaratory and injunctive relief.  Plaintiffs also oppose Adobe's efforts to stay[1] or phase discovery and do not believe that formal sequencing or phasing discovery is workable or efficient.

**Defendant's Statement:**  Adobe filed its Motion to Dismiss the Consolidated Complaint on May 21, 2014.  Adobe demonstrated that Plaintiffs' claims must be dismissed for lack of Article III or statutory standing, for failure to plead an actionable fraudulent omission or reliance on their restitution claim, and for other reasons.

Adobe does not believe that Plaintiffs can cure any of these defects by amendment. However, if any claims eventually survive, Adobe intends to vigorously oppose class certification. Class certification motions are routinely denied in data breach cases, and Adobe is unaware of any federal court decision granting a contested class certification motion in a data breach lawsuit.  *See* Section 9 below.  Class certification discovery may also enable an early summary judgment motion

---

[1] Judge Paul Magnuson of the District of Minnesota recently rejected Target's motion to stay discovery in the multi-district litigation arising from Target's 2013 customer data breach.  *See* Order Denying Defs.' Mot. to Stay Disc., *In re: Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 14-2522-PAM (D. Minn. Jul. 24, 2014), ECF No. 138.

1    with regard to the named plaintiffs. *See In re iPhone Application Litig.*, 11-MD-02250-LHK, 2013

2    WL 6212591, at *17 (N.D. Cal. Nov. 25, 2013) (granting summary judgment for defendant where

3    plaintiffs lacked standing because they failed to demonstrate actual reliance on defendant's

4    representations). This case presents particularly insurmountable obstacles to class certification in

5    light of, among other things, the Plaintiffs' allegations about their decisions to continue subscribing

6    to Adobe products and their assertion that their restitution claim is founded upon a personal desire

7    to switch products.

8         In light of the significance of the motion to dismiss and class certification issues, Adobe

9    continues to believe it is appropriate and most efficient to continue to temporarily stay discovery

10   until the Court finally determines which, if any, claims may be pursued, and to thereafter focus

11   discovery on class certification issues. This approach is common in data breach class actions,[2] and

12   is consistent with the Supreme Court's explanation that a discovery stay pending a challenge to the

13   sufficiency of the pleadings should be the rule rather than the exception. *Bell Atl. Corp. v.*

14   *Twombly*, 550 U.S. 544, 557-60 (2007).[3]

15        **5.**     **AMENDMENT OF PLEADINGS:** Plaintiffs have filed a Consolidated Amended

16   Complaint. Adobe has not served an Answer because it has moved to dismiss the Consolidated

17   Amended Complaint.

18        **6.**     **EVIDENCE PRESERVATION:** The Parties have reviewed the ESI guidelines and

19   Adobe has issued litigation hold notices to custodians of potentially relevant documents, instructing

20   them to preserve potentially relevant documents, and has worked diligently to identify the locations

21
22   [2] *See, e.g., In re SAIC Backup Tape Data Theft Litig.*, Case No. 12-mc-374, Order dated August 30, 2012, dkt. no. 14 (D.D.C.) (stay of discovery pending ruling on motion to dismiss); *In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, MDL Docket No. 2:08-md-1954, Order dated July 25, 2008 ¶ C.8, dkt. no. 22 (D. Me.) (same); *In re Dep't of Veterans Affairs (VA) Data Theft Litig.*, Case No. 1:06-mc-506-JR, Scheduling Order dated Feb. 28, 2007, dkt. no. 12 (D.D.C.) (same); *cf. Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 275 (S.D.N.Y. 2008) (setting a first phase of discovery to permit the parties to explore whether plaintiff had suffered a compensable injury).

23
24
25
26   [3] *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (pleading standards under Federal Rules should "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Alaska Cargo Transp. Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court did not abuse discretion in staying discovery pending ruling on motions made under Rules 12(b)(1) and 12(b)(6)).

27
28

of potentially relevant documents and to preserve those documents.  Plaintiffs have also been asked to preserve potentially relevant documents.

**7.**    **DISCLOSURES:**  The parties exchanged their initial disclosures on March 27, 2014.

**8.**    **DISCOVERY:**

Proposed Discovery Plan under Federal Rule of Civil Procedure 26(f)

(A)  The parties served their initial disclosures on March 27, 2014.  There are no pending discovery requests, and the Parties have not identified any specific discovery disputes.  The Parties will meet and confer regarding entering into a stipulated e-discovery order and a proposed Protective Order.  Plaintiffs anticipate taking depositions beyond the ten (10) permitted in Federal Civil Rule 30 may be necessary, including expert witnesses.  Adobe does not believe that there is any reason to exceed the deposition limit established by the Rule 30.

(B)  Plaintiffs believe the appropriate subjects for discovery are: (1) The structure of Adobe's security systems; (2) Adobe's security policies for protecting its customer information and source code; (3) How the data breach occurred, including whether and how data was retrieved by hackers; (4) What consumer information and source code was stolen in the breach;  (5) The scope of customers affected by the breach; (6) Whether Adobe was in compliance with PCI Council or other industry standards for securing customer data; (7) Adobe's knowledge of potential problems with its security systems or security protocols before the breach; (8) Adobe's discovery of the data breach; (9) Adobe's decision making process regarding when to notify the public that its system had been breached; and (10) The extent to which Adobe's practices adhere or diverge from its publicly stated policies and representations.  Plaintiffs do not believe sequencing or phasing of discovery will be workable or efficient since these topics of discovery will be applicable to all of Plaintiffs' claims.

Adobe believes that discovery should be stayed until the conclusion of the Rule 12 process.  At the current juncture, Plaintiffs have failed to allege any viable claim, and Adobe does not anticipate that their pleading defects can be cured by any amendment.  Moreover, the appropriate scope of any discovery will depend almost entirely on which, if any, Plaintiff and/or cause of action

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:13-CV-05226-LHK

1   ultimately survives the Rule 12 process.  This lawsuit has already evolved dramatically from the

2   first filed complaints, and has become far more narrow with each of Plaintiffs' filings.

3          (C)  The parties anticipate that ESI will be subject to discovery and will meet and confer

4   regarding the form and format of any ESI on a continuing basis.  The Parties agree to select

5   discovery liaisons, who will cooperate to ensure that discovery is conducted in an efficient and

6   effective manner.  Plaintiffs have selected Matthew George as their e-discovery liaison.  Adobe has

7   selected Tracy Tosh Lane as its e-discovery liaison.

8          (D)  The Parties will meet and confer regarding a mutually acceptable protective order that

9   addresses, among other things, inadvertent disclosure of privileged material.

10          (E)  Adobe reserves the right to seek modifications to limits on discovery until a reasonable

11   time after a ruling on its motion to dismiss.

12          (F)  The Parties anticipate that they will be able to agree upon a proposed protective order

13   that they will present to the Court.

14       **9.     CLASS ACTIONS:**

15       **Plaintiffs' Position:**  Plaintiffs' Consolidated Complaint alleges claims for three classes: (1)

16   a California Data Breach Class containing California residents whose personal information was

17   compromised as a result of the data breach; (2) a Contract Class of consumers nationwide who are

18   currently in a contractual relationship with Adobe governed by one of Adobe's End-User License

19   Agreements or General Terms of Use; and (3) a Restitution Class comprised of consumers

20   nationwide who purchased Adobe's ColdFusion and Creative Cloud products and services.

21    Plaintiffs satisfy the prerequisites for suing as a representative party pursuant to Rule 23.

22          Plaintiffs meet the requirements of Rule 23(a).  First, the proposed classes consist of tens of

23   thousands or millions of people, a number far too large to join in a single action.  Second, Plaintiffs'

24   and class members' claims raise predominantly common factual and legal questions relating to

25   whether Adobe failed to adequately secure its customers' personal information in compliance with

26   the law and failed to disclose its substandard security protocols to consumers.  Numerous common

27   questions posed by this case include, but are not limited to, whether Adobe had faulty security

28   protocols for its networks, source code and personal and financial data depositories, whether Adobe

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:13-CV-05226-LHK

1    was aware of and failed to disclose its faulty and substandard security protocols, how underlying

2    source code and class members' data were accessed and stolen from Adobe, and whether class

3    members are entitled to restitution, declaratory and injunctive relief.  Third, Plaintiffs' claims are

4    typical of the class members' claims in that they are all Adobe customers.  Finally, Plaintiffs'

5    interests are aligned with those of the proposed class and they have retained counsel who are

6    experienced in class action litigation.

7        Plaintiffs also satisfy the requirements of Rule 23(b).  Adobe has acted on grounds generally

8    applicable to the class, making injunctive and declaratory relief appropriate, and all parties and the

9    court will benefit if the legality of Adobe's practices and obligations with respect to consumer data

10   are decided in a single proceeding, rather than in piecemeal, potentially inconsistent adjudications.

11   In addition, common questions of law and fact predominate over any questions affecting only

12   individual class members. Further, a class action is superior to individual litigation as class

13   members have little interest in individually controlling the prosecution of separate actions; all of the

14   cases arising out of the practices at issue are concentrated in this Court and adjudication of the

15   claims of class members in a single court will promote efficiency and uniformity; and there are no

16   particular difficulties likely to be encountered in the management of this matter as a class

17   proceeding.

18       **Defendant's Position:**  Adobe believes there are insurmountable obstacles to certification of

19   any class here under the standards enunciated in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013),

20   *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), *Mazza v. American Honda Motor Co.*, 666

21   F.3d 581 (9th Cir. 2012), and other recent precedents.  In the few data theft or breach cases

22   involving similar facts that have survived motions to dismiss and proceeded far enough for a class

23   motion to be decided, federal courts have denied certification after finding that individualized issues

24   would predominate, including with regard to injury and causation.[4]  Moreover, to the extent

25

26   ---
     [4] *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21, 33 (D. Me.
27   2013) (denying class certification in a case involving attack on payment card systems where
     individualized issues relating to actual impact on cardholders would predominate); *Stollenwerk v.*
28   *TriWest Healthcare Alliance*, No. CV–03–0185–PHX–SRB, Slip Op. at 5-6 (D. Ariz. June 10,
     2008) (denying class certification in a case involving theft of computer equipment containing
                                                    (Footnote Cont'd on Following Page)

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:13-CV-05226-LHK

Plaintiffs base their claims on allegations regarding omissions, Plaintiffs will face significant obstacles in demonstrating that issues such as injury, reliance and damages attributable to that reliance are susceptible to class-wide resolution.[5] This is particularly the case here in light of the peculiar allegations of the named Plaintiffs. Thus, the two Plaintiffs who seek restitution based on fraudulent omissions affirmatively alleged facts demonstrated facts inconsistent with reliance -- they specifically allege that they did not cancel their subscriptions (and even renewed them) after being fully apprised of the alleged omissions.

10. **RELATED CASES:** None at this time apart from those listed in the caption above.

11. **RELIEF:** Plaintiffs are seeking injunctive and declaratory relief, restitution, attorneys' fees and costs of suit.

12. **SETTLEMENT AND ADR:** The parties have filed an ADR stipulation selecting private mediation to be completed by December 15, 2014, after the pleadings are settled.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:** The parties do not consent to have a magistrate judge conduct all further proceedings.

14. **OTHER REFERENCES:** The parties believe this case is not suitable for reference to binding arbitration, a special master, or the judicial panel on multidistrict litigation at this time.

15. **NARROWING OF ISSUES:** The parties agree that the scope of plaintiffs' claims will be determined after the court rules on adobe's motion to dismiss and plaintiffs' motion for class certification.

---

(Footnote Cont'd From Previous Page)
personal information where individualized issues relating to proof of causation would predominate over common questions).

[5] *See, e.g., Major v. Ocean Spray Cranberries, Inc.*, No. 5:12-CV-03067 EJD, 2013 WL 2558125, at *4 (N.D. Cal. June 10, 2013) (typicality requirement not met where proposed class encompassed products that plaintiff herself did not purchase); *Edwards v. Ford Motor Co.*, No. 11-CV-1058-MMA BLM, 2012 WL 2866424, at *8-*11 (S.D. Cal. June 12, 2012) (predominance requirement not met where reliance would vary from consumer to consumer).

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:13-CV-05226-LHK

16.     **EXPEDITED TRIAL PROCEDURE**:  The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     **SCHEDULING:**  The Court stayed discovery pending a ruling on the motion to dismiss.  Plaintiffs request discovery commence and the Court adopt a proposed schedule set forth below.  Adobe believes that the remainder of the case management schedule should be determined after the final resolution by the court regarding which claims survive the Rule 12 process, and that discovery should continue to be temporarily stayed until that time.  In the event the Court prefers to establish a schedule at this time, Adobe proposes the alternative schedule below.

| ACTION/EVENT | PLAINTIFFS' POSITION | ADOBE'S POSITION |
|---|---|---|
| File Plaintiffs' motion for class certification | 7 months after ruling on motion to dismiss | 90 days after ruling on motion to dismiss |
| File opposition to Plaintiffs' motion for class certification | 28 days after Plaintiffs' motion is filed | 120 days following service of class certification motion |
| Reply in support of Plaintiffs' motion for class certification due | 21 days after Adobe's opposition brief | 30 days following service of opposition to class certification |
| Fact discovery cut-off | May 22, 2015 | September 21, 2015 |
| Designation of expert witnesses | June 26, 2015 | October 24, 2015 |
| Designation of rebuttal expert witnesses | July 31, 2015 | November 29, 2015 |
| Expert discovery cut-off | September 25, 2016 | January 24, 2016 |
| Last day for hearing of dispositive motions | January 22, 2016 | May 22, 2016 |
| Pre-trial conference | March 2016 | July 2016 |
| Trial | March/April 2016 | July/August 2016 |

18.     **TRIAL:**  Plaintiffs' consolidated amended complaint demanded a jury trial.  While the parties may have a better estimate closer to trial, they currently anticipate the trial to last ten to fifteen (10-15) days.

19.     **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**:

Adobe filed its Certification in the *Halpain* case on November 13, 2013 (Dkt. No. 7), stating:  "Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

20.     **OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER:**  The parties have no other matters to raise.

Dated:  August 14, 2014                    ARNOLD & PORTER LLP


                                           By:   /s/ Kenneth L. Chernof
                                                 Kenneth L. Chernof (SBN 156187)
                                                 Ronald D. Lee (SBN 156025)
                                                 Tracy T. Lane (SBN 184666)
                                                 Rachel L. Chanin (SBN 229253)
                                                 *Attorneys for Defendant*
                                                 *Adobe Systems Incorporated*


Dated:  August 14, 2014                    GIRARD GIBBS LLP


                                           By:   /s/ Matthew B. George
                                                 Eric H. Gibbs (SBN 178658)
                                                 Matthew B. George (SBN 239322)
                                                 *Interim Lead Class Counsel*

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:13-CV-05226-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **NOTICE OF ATTESTATION**

I, Kenneth L. Chernof, am the ECF User whose ID and password are being used to file this

JOINT CASE MANAGEMENT CONFERENCE STATEMENT.  In compliance with General

Order 45, X.B., I hereby attest that Plaintiff's counsel Matthew M. George has concurred in this

filing.

Dated:  August 14, 2014                                    ARNOLD & PORTER LLP


By:   /s/ Kenneth L. Chernof
         Kenneth L. Chernof (SBN 156187)
         Ronald D. Lee (SBN 156025)
         Tracy T. Lane (SBN 184666)
         Rachel L. Chanin (SBN 229253)
         *Attorneys for Defendant*
         *Adobe Systems Incorporated*

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:13-CV-05226-LHK