# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

*In re Adobe Systems Inc. Privacy Litigation*

Lead Case No.: 5:13-CV-05226-LHK

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into between (i) Christina Moseid, Joseph Kar, Anne McGlynn, Christian Duke, Jacob McHenry, and Marcel Page ("Named Plaintiffs" or "Plaintiffs"); and (ii) Defendant Adobe Systems Incorporated ("Defendant" or "Adobe"). The Named Plaintiffs and Adobe collectively are referred to herein as "the Parties." The Parties hereby agree to the following terms in full settlement of the above captioned action.

## RECITALS

**A.** On or around October 3, 2013, Adobe announced that it had discovered attacks on its networks, in which a third party or third parties illegally accessed certain customer information and source code for certain Adobe products (the "Security Incident").

**B.** On November 11, 2013, Christina Moseid (then named Christina Halpain) brought a putative class action in the United States District Court for the Northern District of California, captioned *Halpain v. Adobe Systems Inc.*, No. 5:13-cv-05226, alleging claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"),

and the California Consumer Records Act, Cal. Civ. Code § 1798 *et seq.*, as well as claims for breach of contract, breach of the covenant of good faith and fair dealing, and money had and received. *Halpain* was the first of seven putative class action complaints filed against Adobe stemming from the Security Incident.

C.      On January 31, 2014, Halpain moved, pursuant to stipulation, to consolidate her action with the six additional actions filed against Adobe stemming from the Security Incident: *Kar v. Adobe Systems Inc.*, No. C 13-05596, *Heimlich et al. v. Adobe Systems, Inc.*, No. C 13-05611, *Duke v. Adobe Systems, Inc.*, No. C 13-05930, *Hosino v. Adobe Systems Incorporated*, No. C 14-00014, *McHenry v. Adobe Systems Incorporated*, No. C 14-00030, and *Page et al. v. Adobe Systems Inc.*, No. C 14-00157, and for appointment of Eric H. Gibbs of Girard Gibbs LLP as Interim Lead Class Counsel.

D.      On March 13, 2014, the United States District Court for the Northern District of California (Hon. Lucy H. Koh) consolidated the seven cases under the caption *In re Adobe Systems Inc. Privacy Litigation*, Lead Case No. 5:13-cv-05226-LHK, appointed Eric Gibbs of Girard Gibbs LLP as Interim Lead Class Counsel, appointed a Steering Committee comprised of attorneys Shehnaz Bhujwala, Elizabeth Pritzker, Timothy G. Blood, Gary Mason, Todd Friedman, and Adam J. Levitt, and ordered that a Consolidated Amended Complaint be filed.

E.      On April 4, 2014, the Named Plaintiffs filed a Consolidated Class Action Complaint ("Consolidated Amended Complaint") against Adobe alleging claims for violations of California's Customer Records Act and the UCL, and for a declaration of rights regarding Adobe's contractual obligations.

F.      Plaintiffs advised the Court early in this case that they brought this lawsuit on behalf of themselves and all putative class members "primarily for declaratory and injunctive

relief: to require Adobe to implement specific, industry-standard security measures (such as intrusion detection, network segmentation, and proper encryption) that would have prevented the 2013 data breach and to ensure that vulnerabilities in its compromised source code are addressed promptly." (Dkt. No. 47 at 2.) Thus, in Claims I through III of the Consolidated Amended Complaint, all of the Named Plaintiffs sought injunctive and declaratory relief for Adobe's alleged failure to safeguard customers' data. Only two Plaintiffs, Christina Halpain and Anne McGlynn, sought monetary relief: in Count IV, these two Plaintiffs sought restitution on behalf of purchasers of only two Adobe products – Creative Cloud and ColdFusion – based on alleged omissions regarding Adobe's security measures.

**G.** On May 21, 2014, Adobe moved to dismiss the Consolidated Amended Complaint. (Dkt. No. 45.) The Court denied in part and granted in part Adobe's motion to dismiss. (Dkt. No. 55.)

**H.** In the Court's Order on Adobe's motion to dismiss, the Court dismissed Plaintiffs' claims under section 1798.82 of the Customer Records Act and dismissed two of the named plaintiffs' claims for injunctive relief under the UCL. Otherwise, the Court permitted Plaintiffs to proceed with claims for injunctive relief under the UCL and under section 1798.81.5 of the Customer Records Act, as well as with their claims for declaratory relief and restitution. The Court recognized that Plaintiffs' declaratory relief claim sought clarification as to Adobe's existing and ongoing obligations to provide reasonable security measures to safeguard customer data.

**I.** Beginning in late September 2014, the parties engaged in document and deposition discovery, which addressed all issues in the case, including Adobe's policies,

procedures, and protocols related to data and network security both at the time of the Security Incident and at the present time.

**J.**    On October 1, 2014, Adobe filed an Answer to the Consolidated Amended Complaint.  (Dkt. No. 61.)

**K.**    The parties participated in a private mediation before the Honorable Edward A. Infante (Ret.) on December 3, 2014, again on January 13, 2015, and then continued mediating by way of a series of telephone and email caucuses and other exchanges.

**L.**    Following the December 3, 2014 mediation, Adobe informally exchanged information with Interim Lead Class Counsel relevant to consideration of settlement, including a detailed list of security measures that Adobe implemented in response to and/or in the wake of the Security Incident.  Following the January 13, 2015 mediation, Adobe engaged in a further informal exchange of information with Interim Lead Class Counsel, including information detailing Adobe's actions to implement physical, technical, and administrative safeguards to protect its customer data, products, networks, and systems.

**M.**    In light of all of the above, and after considering the document and deposition discovery that has been completed, the informal exchange of information that has occurred, all other risks and uncertainties of continued litigation, and all factors bearing on the merits of settlement, the Parties are satisfied that the proposed Settlement Agreement provides a fair and favorable result for the Named Plaintiffs as well as putative class members because it achieves the primary stated purpose of this litigation to "require Adobe to implement specific, industry-standard security measures."

**N.**    Specifically, the Settlement Agreement requires Adobe to implement a set of specific Security Measures that address the systems and techniques affected or exploited in the

Security Incident; requires Adobe to further submit to an independent Security Audit by a mutually agreed-upon, qualified firm to confirm Adobe's substantial compliance with such Security Measures; and provides that if Adobe is found not to be in substantial compliance with such Security Measures, Plaintiffs may seek an order of specific performance with regard to the same. Such Security Measures have been reviewed and approved by Plaintiffs' counsel and their chosen consulting security experts, who have determined and agreed that the Security Measures are appropriate to address the issues Plaintiffs have raised in this lawsuit. Because the efficacy of many of these Security Measures depends in significant part on the fact that they are not known to the public, because disclosure of Adobe's proprietary security measures could create a substantial risk of serious harm to Adobe, and in order to further protect Adobe's products, data, network, and systems, the Security Measures and resulting Security Audit are to be treated as highly confidential pursuant to the Protective Order entered in this case.

**O.** Plaintiffs' counsel recognize and acknowledge the expense, risks, and likely duration of continued proceedings necessary to prosecute the case through class certification, trial, and appeals, and are mindful of the inherent problems of proof and possible defenses of Adobe, particularly with respect to Plaintiffs' claim for restitution, both at class certification and on the merits. For its part, Adobe contends that there are genuine issues regarding whether class certification is appropriate with respect to Plaintiffs' putative class claim for restitution given the hurdles Plaintiffs would face in demonstrating materiality and reliance on a class-wide basis as well as difficulties Plaintiffs would face in demonstrating typicality of the putative class representatives given varying differences in the uses and users of the Creative Cloud and ColdFusion products. Moreover, Adobe contends that Named Plaintiffs would be unable to demonstrate that they personally relied on any alleged omissions by Adobe given, among other

things, that they continue to subscribe to the Adobe products even after becoming aware of Adobe's security vulnerabilities.

P.       Thus, after carefully considering these and other risks of continued litigation, Plaintiffs believe it is appropriate for the Named Plaintiffs to dismiss their claims with prejudice, without prejudice to the ability of absent putative class members to pursue future claims, in exchange for Adobe's agreeing to implement the Security Measures detailed in this Agreement, which will benefit the Named Plaintiffs and the putative  class members and achieve the primary purposes of this lawsuit.

## AGREEMENT

## I.      DEFINITIONS

When used in this Settlement Agreement, the following terms shall have the following meanings:

1.       **"Action"** means the case currently styled *In re Adobe Systems Inc. Privacy Litigation*, Lead Case No. 13-CV-05226-LHK, pending in the United States District Court for the Northern District of California, including each of the seven individual actions that have now been consolidated under that caption.

2.       **"Auditor"** means the qualified independent auditor mutually-agreed upon by Adobe and Lead Plaintiffs' Counsel to perform the Security Audit as defined herein.

3.       **"Court"** means the United States District Court, Northern District of California, the Honorable Lucy H. Koh presiding, or any judge of this court who shall succeed her as the Judge assigned to this Action.

4.       **"Defendant"** means Adobe Systems Incorporated, a Delaware Corporation.

5.       **"Fee Award"** means the amount of attorneys' fees and expenses Adobe has agreed to pay to Plaintiffs' Counsel.

6. **"Final Settlement Date"** means one business day after the Settlement Agreement becomes "Final." For purposes of this Section, "Final" means that all of the following have occurred: (i) the Court has granted Plaintiffs' Motion to Approve Voluntary Dismissal of Putative Class Claims and (ii) the Parties have filed with the Court a Stipulation of Dismissal with Prejudice with respect to the Named Plaintiffs' claims.

7. **"Lead Plaintiffs' Counsel"** means Eric H. Gibbs, GIRARD GIBBS LLP, 601 California Street, 14th Floor, San Francisco, CA 94108.

8. **"Named Plaintiffs"** or **"Plaintiffs"** means Christina Moseid, Joseph Kar, Anne McGlynn, Christian Duke, Jacob McHenry, and Marcel Page.

9. **"Parties"** (singular "Party") means the Named Plaintiffs and Adobe.

10. **"Person"** means, without limitation, any individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity.

11. **"Plaintiffs' Counsel"** means Shehnaz Bhujwala, Elizabeth Pritzker, Timothy G. Blood, Gary Mason, Todd Friedman, and Adam J. Levitt, and their law firms, and includes Lead Plaintiffs' Counsel and his law firms.

12. **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, damages (including but not limited to punitive, exemplary, or multiple damages), charges, penalties, losses, rights, actions, causes of action, claims, contracts or agreements, expenses, costs, attorneys' fees, and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of

every nature and description whatsoever, whether based on the UCL, the California Consumer Records Act, the California or federal Declaratory Judgment Act, or other federal, state, local, statutory or common law or any other law, rule, or regulation, including the law of any jurisdiction outside the United States (including both direct and derivative claims) against the Released Parties, or any of them, arising out of the alleged facts, transactions, events, matters, occurrences, acts or failures to act, disclosures, statements, representations, or omissions regarding the Security Incident and/or any alleged representations or omissions about the security of Adobe's customers' personal information, passwords, or data, including all claims that were brought or could have been brought in the Action, belonging to any and all Named Plaintiffs.

13. **"Released Parties"** means Defendant Adobe and any and all of its present or former heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, insurers, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers, directors, other individuals or entities in which Adobe has a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities.

14. **"Releases"** means the Named Plaintiffs' Releases identified in Section II.B.

15. **"Security Audit"** means the one-time security audit to be completed pursuant to Section II.A to determine whether Adobe is substantially in compliance with the Security Measures.

16.     **"Security Measures"** means the security measures specifically identified in Confidential Attachment A hereto.

17.     **"Settlement Agreement"** or **"Agreement"** means the settlement contemplated by this Agreement.

18.     **"Unknown Claims"** means claims that could have been raised in the Action and that the Named Plaintiffs do not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Parties of the claims specified in Section II.B or might affect his, her, or its decision to agree, object, or not object to the settlement.  Upon the Final Settlement Date, for the purpose of the Released Claims, the Named Plaintiffs shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, and any law or legal principle of similar effect in any jurisdiction, whether federal or state.  Section 1542 of the California Civil Code provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## II.     SETTLEMENT RELIEF

### A.     **<u>Prospective Relief.</u>**

1.     **Implementation of Security Measures.**  In consideration of the Named Plaintiffs' agreeing to discharge the Released Parties from all Released Claims, Adobe agrees that it will implement over the course of one (1) year following the Final Settlement Date the Security Measures as set forth in Confidential Attachment A, which are specific security

measures designed to further enhance Adobe's network and information security practices in the wake of the Security Incident that is the subject of this Action.

2. **Submittal to Security Audit.** In further consideration of the Named Plaintiffs' agreeing to discharge the Released Parties from all Released Claims, Adobe agrees that one (1) year following the Final Settlement Date, Adobe will submit to a one-time Security Audit to confirm that Adobe has substantially complied with the identified Security Measures, to the extent such Security Measures remain applicable at the time the Security Audit is completed.

3. The Auditor of the Security Audit is to be a qualified independent auditor mutually agreed upon by both Lead Plaintiffs' Counsel and Adobe.

4. The Auditor will prepare a preliminary confidential report setting forth the preliminarily findings of the Security Audit, and will submit such preliminary confidential report to Adobe for review and comment for a 30-day period.

5. After consideration of Adobe's comments, the Auditor will prepare a final confidential report to be submitted to Adobe and Lead Plaintiffs' Counsel. The final report shall be treated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the Protective Order entered in this case.

6. Within 30 days of the issuance of the final report, the parties agree to meet and confer regarding any Security Measures for which Adobe is found not to be in substantial compliance.

7. Plaintiffs, by and through Lead Plaintiffs' Counsel, may seek to enforce any alleged non-compliant Security Measures by way of a motion for an order of specific performance, which shall be filed within 30 days of the meet and confer.

8.      **Costs.**  Adobe will be responsible for all costs associated with implementing the relief required by this Section, including costs related to implementing the Security Measures, complying with the Security Audit, and paying the reasonable fees and expenses incurred by the Auditor in conducting the Security Audit, <u>except that</u> Adobe will not be responsible for reimbursing any fees, costs, or expenses incurred by Lead Plaintiffs' Counsel, including any expert or consulting witness fees, in reviewing, commenting on, and meeting and conferring over the Security Audit.  Should Lead Plaintiffs' Counsel file any motion related to the Security Audit and be successful on the motion, they may apply to the Court to recover their reasonable attorneys' fees and expenses, which Adobe may oppose.

B.      <u>Named Plaintiffs' Releases.</u>

1.      Upon the Final Settlement Date, the Named Plaintiffs and their present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and legatees fully, finally, and forever release, relinquish, and discharge the Released Parties from all Released Claims as defined above.

2.      The Named Plaintiffs, individually and on behalf of each of their present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and legatees, fully understand that the facts upon which this Agreement is executed may hereafter be other than or different from the facts now believed by Named Plaintiffs and/or their counsel to be true, and expressly accept and assume the risk of such possible difference in facts and agree that this Agreement shall remain effective notwithstanding any such difference in facts.  The Named Plaintiffs acknowledge and agree that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the settlement would not have been accepted.

3.     The Named Plaintiffs acknowledge and agree that they have read and understand the contents of Section 1542 of the Civil Code of the State of California, and, to the fullest extent permitted by law, Named Plaintiffs expressly, knowingly, intentionally, and irrevocably waive any and all rights and benefits that they may have under Section 1542 or any other similar state or federal statute, or common law or other legal principle, with respect to the Released Claims.  Section 1542 reads as follows:

> RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

C.     **Service Awards to Named Plaintiffs and Attorneys' Fees and Costs**

1.     Adobe agrees to pay service awards of $5,000 to each of the Named Plaintiffs in this Action, in recognition of the risks, time, and effort of Named Plaintiffs in pursuing this matter, and in exchange for the Releases being provided in this Agreement.

2.     Adobe shall pay or cause to be paid the Named Plaintiffs' service awards within fourteen (14) days of the Final Settlement Date as directed by Lead Plaintiffs' Counsel.

3.     Adobe agrees to pay a Fee Award of $1,180,000 to Plaintiffs' Counsel, including expert witness fees.

4.     Adobe shall pay or cause to be paid the amount of the Fee Award within fourteen (14) days after the Final Settlement Date as directed by Lead Plaintiffs' Counsel.

5.     The payments specified in this Section C will be in full and complete satisfaction of any all claims for attorneys' fees, litigation expenses, including expert fees, costs, and all other sums recoverable under federal or state law that the Named Plaintiffs or Plaintiffs' Counsel have incurred or otherwise could have incurred or recovered in this Action up to and

including the Final Settlement Date, and represent the limit and extent of Adobe's monetary

obligations to Named Plaintiffs or Plaintiffs' Counsel under this Settlement Agreement.

**III.    CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL OF VOLUNTARY DISMISSAL OF PUTATIVE CLASS CLAIMS, CANCELLATION, OR TERMINATION.**

**A.**    This Agreement shall be conditioned upon and shall be effective only upon the

occurrence of all of the following events:

**1.**    Lead Plaintiffs' Counsel shall move the Court on or before May 28, 2015

for an Order Granting Approval of the Voluntary Dismissal of Putative Class Claims, and such

motion is granted by the Court.

**2.**    The Parties have executed a Stipulation of Dismissal pursuant to Fed. R.

Civ. P. 41(a)(1)(ii) dismissing the Named Plaintiffs' claims against Adobe with prejudice and

such Stipulation is filed with the Court.

**3.**    If the Final Settlement Date does not occur for any reason, or in the event

that the voluntary dismissal of putative class claims is not approved by the Court, then this

Agreement shall be canceled and terminated unless Lead Plaintiffs' Counsel and Adobe, through

counsel, mutually agree in writing to proceed with the Agreement.

**B.**    The Settlement and all of the commitments and obligations it imposes on the

Parties are contingent on the approval by the Court of the voluntary dismissal of the putative

class claims pursuant to the terms of the approval motion.  If the Court does not grant approval

of the voluntary dismissal of the putative class claims pursuant to the terms of the motion, or if

the Court orders the provision of notice to putative class members as a condition of the granting

of the motion, or if this Court or a reviewing Court overturns and/or modifies the terms of

dismissal, then, absent subsequent agreement of the parties this Settlement Agreement is

canceled and terminated as provided for in subsection III.A.3, this Agreement shall be void *ab initio*, shall have no force and effect, and shall impose no obligations on the Parties, except that the Settlement and all settlement discussions between the Parties will remain inadmissible, undiscoverable, and strictly confidential to the maximum extent permitted by law. Further, if this Agreement fails to become effective for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order, including but not limited to certifying any class for settlement purposes, entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if they had never entered into this Agreement.

## IV.    MISCELLANEOUS PROVISIONS

**A.    No Admission of Liability.** By agreeing to and voluntarily entering into this Agreement, there is no admission or concession by Adobe, direct or indirect, express or implied, that Adobe committed, threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Action. Adobe also denies: (1) each and all of the claims and contentions alleged by Named Plaintiffs in the Action; (2) all charges of wrongdoing or liability against Adobe or its agents arising out of any conduct, statements, acts, or omissions alleged in the Action; and (3) that the Named Plaintiffs or the Settlement Class is entitled to any form of damages based on the conduct alleged in the Action. In addition, Adobe maintains that it has meritorious defenses to the claims alleged in the Action and was prepared to vigorously defend all aspects of the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Adobe has concluded that further defense of the Action would be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial that the Action be fully and

finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Adobe, or any of the Released Parties, with respect to any claim of any fault or liability or wrongdoing or damage whatsoever. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in the Court to enforce or implement any provision of this Settlement Agreement or implement or enforce any orders or judgments of the Court entered into in connection with this Settlement Agreement.

**B.     Cooperation.**  The Parties and their Counsel agree that they will cooperate to effectuate and implement the terms and conditions of this Settlement Agreement.

**C.     Effect of Prior Agreements.**  This Settlement Agreement, including Attachment A and any Exhibits, constitutes the entire agreement and understanding of the Parties with respect to the settlement of this Action, contains the final and complete terms of the settlement of the Action, and supersedes all prior agreements between the Parties regarding settlement of the Action.

**D.     No Drafting Presumption.**  All Parties hereto have participated, through their counsel, in the drafting of this Settlement Agreement, and this Settlement Agreement shall not be construed more strictly against any one Party than the other Parties.  Whenever possible, each term of this Settlement Agreement shall be interpreted in such a manner as to be valid and enforceable.  Headings are for the convenience of the Parties only and are not intended to create substantive rights or obligations.

E. **Notices.** All notices to the Parties or counsel required or desired to be given under this Settlement Agreement shall be in writing and sent by electronic mail as follows:

*To Named Plaintiffs:*

Eric H. Gibbs
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
Email: ehg@girardgibbs.com

*To Adobe:*

Kenneth L. Chernof
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com

F. **Modifications.** No modifications to this Settlement Agreement may be made without written agreement of all Parties and Court approval.

G. **No Third-Party Beneficiaries.** This Settlement Agreement shall not inure to the benefit of any third party.

H. **Execution in Counterparts.** This Settlement Agreement may be executed in counterparts. Each signed counterpart together with the others shall constitute the full Settlement Agreement. Each signatory warrants that the signer has authority to bind his Party.

I. **Press Releases.** To the extent that Adobe or Lead Plaintiffs' Counsel desire to issue a press release or press statement, they may do so. No press release, press statement, or public statements shall include statements disparaging either side, or statements contravening or undermining this Settlement Agreement.

<u>**SIGNATURES ON FOLLOWING PAGE**</u>

AGREED this __8__ day of __June__ 2015:

_Christina M. Moseid_

Christina Moseid, individually

_____

Marcel Page, individually

_____

Christian Duke, individually

_____

Joseph Kar, individually

_____

Jacob McHenry, individually

_____

Anne McGlynn, individually

APPROVED by Lead Plaintiffs' Counsel:

_____  6/8/15

Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108


AGREED: this _____ day of _____ 2015:

_____

For Adobe Systems Incorporated

Its:_____

APPROVED:

_____

Kenneth L. Chernof, Attorney for Adobe Systems Incorporated
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com
Fax: (202) 942-5999

AGREED this 8 day of June 2015:

_____
Christina Moseid, individually

_M___ Page_____
Marcel Page, individually

_____
Christian Duke, individually

_____
Joseph Kar, individually

_____
Jacob McHenry, individually

_____
Anne McGlynn, individually

APPROVED by Lead Plaintiffs' Counsel:

_____
Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

AGREED: this _____ day of _____ 2015:

_____
For Adobe Systems Incorporated

Its:_____

APPROVED:

_____
Kenneth L. Chernof, Attorney for Adobe Systems Incorporated
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com
Fax: (202) 942-5999

AGREED this ____ day of _____ 2015:

_____
Christina Moseid, individually

_____
Marcel Page, individually

_____
Christian Duke, individually

_____
Joseph Kar, individually

_____
Jacob McHenry, individually

_____
Anne McGlynn, individually

APPROVED by Lead Plaintiffs' Counsel:

_____
Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108


AGREED: this ____ day of _____ 2015:

_____
For Adobe Systems Incorporated

Its:_____

APPROVED:

_____
Kenneth L. Chernof, Attorney for Adobe Systems Incorporated
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com
Fax: (202) 942-5999

AGREED this _____ day of _____ 2015:

_____
Christina Moseid, individually

_____
Marcel Page, individually

_____
Christian Duke, individually

_____ . 6/8/15
Joseph Kar, individually

_____
Jacob McHenry, individually

_____
Anne McGlynn, individually

APPROVED by Lead Plaintiffs' Counsel:

_____
Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

AGREED: this _____ day of _____ 2015:

_____
For Adobe Systems Incorporated

Its:_____

APPROVED:

_____
Kenneth L. Chernof, Attorney for Adobe Systems Incorporated
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com
Fax: (202) 942-5999

AGREED this _8th_ day of _June_ 2015:

_____
Christina Moseid, individually

_____
Marcel Page, individually

_____
Christian Duke, individually

_____
Joseph Kar, individually

_____
Jacob McHenry, individually

_____
Anne McGlynn, individually

APPROVED by Lead Plaintiffs' Counsel:

_____
Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

AGREED: this ____ day of _____ 2015:

_____
For Adobe Systems Incorporated

Its:_____

APPROVED:

_____
Kenneth L. Chernof. Attorney for Adobe Systems Incorporated
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com
Fax: (202) 942-5999

AGREED this 8th day of June, 2015:

_____
Christina Moseid, individually

_____
Marcel Page, individually

_____
Christian Duke, individually

_____
Joseph Kar, individually

_____
Jacob McHenry, individually

_____
Anne McGlynn, individually

APPROVED by Lead Plaintiffs' Counsel:

_____
Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108


AGREED: this _____ day of _____ 2015:

_____
For Adobe Systems Incorporated

Its:_____

APPROVED:

_____
Kenneth L. Chernof, Attorney for Adobe Systems Incorporated
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com
Fax: (202) 942-5999

AGREED this _____ day of _____ 2015:

_____
Christina Moseid, individually

_____
Marcel Page, individually

_____
Christian Duke, individually

_____
Joseph Kar, individually

_____
Jacob McHenry, individually

_____
Anne McGlynn, individually

APPROVED by Lead Plaintiffs' Counsel:

_____
Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

AGREED: this _8_ day of _June_ 2015:

_____
For Adobe Systems Incorporated

Its: _SUP_____

APPROVED:

_____
Kenneth L. Chernof, Attorney for Adobe Systems Incorporated
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com
Fax: (202) 942-5999

AGREED this _____ day of _____ 2015:

_____
Christina Moseid, individually

_____
Marcel Page, individually

_____
Christian Duke, individually

_____
Joseph Kar, individually

_____
Jacob McHenry, individually

_____
Anne McGlynn, individually

APPROVED by Lead Plaintiffs' Counsel:

_____
Eric H. Gibbs
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

AGREED: this _____ day of _____ 2015:

_____
For Adobe Systems Incorporated

Its:_____

APPROVED:

_____
Kenneth L. Chernof, Attorney for Adobe Systems Incorporated
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Kenneth.Chernof@aporter.com
Fax: (202) 942-5999