1   Eric H. Gibbs (SBN 178658)
2   Dylan Hughes (SBN 209113)
    David M. Berger (SBN 277526)
3   **GIRARD GIBBS LLP**
    601 California Street, 14th Floor
4   San Francisco, California 94108
    Telephone: (415) 981-4800
5   Facsimile: (415) 981-4846
6   Email: ehg@girardgibbs.com

7   *Plaintiffs' Interim Lead Class Counsel*

8

9

10          **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF CALIFORNIA**
11                  **SAN JOSE DIVISION**

12

| *In re Adobe Systems Inc. Privacy Litigation* | Lead Case No. 5:13-cv-05226-LHK |
|---|---|
| | [Consolidated with Case Nos. 13-cv-05596-LHK, 13-cv-05611-LHK, 13-cv-05930-LHK, 14-cv-00014-LHK, 14-cv-00030-LHK, and 14-cv-00157-LHK] |
| | **DECLARATION OF ERIC H. GIBBS RE PLAINTIFFS' ATTORNEY FEES** |
| | Date: August 13, 2015 Time: 1:30 p.m. Place: Courtroom 8, 4th Floor |

21

22

23

24

25

26

27

28

I, Eric H. Gibbs, declare as follows:

1.     I am a partner at Girard Gibbs LLP and have been appointed to serve as interim lead counsel for putative class members in this case.  I submit this declaration in response to the Court's June 10th order requesting additional information about Plaintiffs' attorney fees.

2.     To assist the Court in evaluating the time spent by Plaintiffs' counsel in this litigation, I have compiled the contemporaneous billing records kept by my firm with billing records provided to me by each of the firms appointed to serve on the Executive Committee into a single spreadsheet. Attached as **Exhibit 1** is a copy of the spreadsheet sorted by date and redacted for attorney-client privilege and work-product.

3.     In addition to providing the Court with our daily time entries, this declaration also includes (i) a summary of the work we did during each phase of the case, and (ii) a chart showing the total time spent by each attorney and paralegal who worked on the case, their hourly rates, and our total lodestar calculation.

## I.    SUMMARY OF WORK

4.     I have broken the litigation into eight time periods, as shown in the following table, and for each time period I briefly describe what was happening in the litigation, list the major tasks we devoted our time toward, and provide the hours and lodestar figures for each of the attorneys and paralegals who worked on the case during that time period.  Two of the time periods overlap, so that any work performed on later-filed cases prior to implementation of a leadership structure could be isolated and excluded from the final lodestar calculation.

|   | Time Period | Description | Hours | Lodestar |
|---|---|---|---|---|
| **A.** | 10/8/13 - 11/11/13 | Initial investigation to filing of first complaint | 78.1 | $33,868 |
| **B.** | 10/15/13 - 3/13/14 | Other case filings through appointment of lead counsel (non-lead counsel only) | 632.4 | $333,950 |
| **C.** | 11/12/13 - 3/13/14 | Work by lead counsel prior to appointment | 238.4 | $110,840 |

1

| Time Period | | Description | Hours | Lodestar |
|---|---|---|---|---|
| **D.** | 3/14/14 - 9/4/14 | Appointment of lead counsel through Motion to Dismiss ruling | 461.8 | $238,347 |
| **E.** | 9/5/14 - 10/24/14 | Discovery through Adobe's initial document production | 336.1 | $173,740 |
| **F.** | 10/25/14 - 12/3/14 | Document review through first mediation | 535.6 | $257,657 |
| **G.** | 12/4/14 - 2/10/15 | First mediation through signing of MOU | 555.6 | $276,508 |
| **H.** | 2/11/15 - Present | Signing of MOU through approval motions | 334.2 | $190,993 |
| **Total Time** | | | **3,172.2** | **$1,615,901** |
| **Lead Counsel and Post-Appointment Time Only** | | | **2,539.8** | **$1,281,952** |

> **A.**   **October 8, 2013 - November 11, 2013:  Initial Investigation to Filing of First Complaint**

5.     Girard Gibbs began investigating Adobe's data breach shortly after it was publicly announced and filed the first complaint on behalf of Christina Halpain on November 11, 2013.  The work done prior to filing included:

- Researching the Adobe data breach, Adobe's history of security incidents, Adobe's contracts and privacy policies
- Speaking with Adobe customers concerned about the data breach and reviewing their contracts and related documentation
- Researching potential legal claims and theories of recovery
- Drafting and filing the initial complaint

6.     As reflected in the table below, most of the work during this time period was performed by associate Caitlyn Finley.  Matt George assisted in his capacity as a junior partner and I was responsible for the overall strategy and final complaint.

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

| Name | Position | Hours | Rate | Lodestar |
|------|----------|-------|------|----------|
| Caitlyn D. Finley | Associate | 55.8 | $365 | $20,367 |
| Matthew B. George | Partner | 13.0 | $545 | $7,085 |
| Eric H. Gibbs | Partner | 9.2 | $695 | $6,394 |
| Kristen M. Boffi | Paralegal | 0.1 | $220 | $22 |
| **Total** | | 78.1 | $434 | $33,868 |

**B.   October 15, 2013 - March 13, 2014:  Other Case Filings Through Appointment of Lead Counsel (Non-Lead Counsel Only).**

7.   As Girard Gibbs was investigating and filing the *Halpain* case, a number of other law firms were also exploring potential litigation on behalf of other clients.  Prior to consolidation and appointment of lead counsel, when multiple firms are working independently on related cases, a degree of duplication is inevitable.  For that reason, we are not including this time in the total lodestar calculation presented in Section II, below.  But it is worth briefly summarizing the work that was performed by other Plaintiffs' counsel—both because some of the work had independent value and ultimately contributed to Plaintiffs' consolidated complaint, discovery, and overall success in the case, and because it illustrates the degree of efficiency that was achieved after a formal leadership structure was implemented.

8.   Among the work undertaken by other plaintiffs' firms this period were:

- Consulting with security experts, particularly by Pritzker Levine, who identified an expert we continued to rely upon throughout the case

- Factual research into the particulars of the data breach, some of which was incorporated into the consolidated complaint

- Legal research into other potential claims and theories of recovery, some of which was relied upon in deciding which claims should be included in the consolidated complaint

- Speaking with various Adobe customers regarding their experiences, which added a deeper perspective of class members' concerns

- Conferring with other counsel to reach agreement on consolidation and implementation of a leadership structure

- Working with Girard Gibbs on sections of the consolidated complaint, which was begun prior to appointment of lead counsel

3

9.      The breakdown of time spent by various firms on the six cases that were filed after *Halpain* is set forth below:

| Name | Position | Hours | Rate | Lodestar |
|---|---|---|---|---|
| **Pritzker Levine** | | | | |
| Elizabeth Pritzker | Partner | 81.9 | $675 | $55,283 |
| Bethany Caracuzzo | Of Counsel | 76.9 | $550 | $42,295 |
| Shiho Yamamoto | Associate | 20.3 | $425 | $8,628 |
| | | **179.1** | **$593** | **$106,205** |
| **Grant & Eisenhofer** | | | | |
| Catherine O'Suilleabhain | Associate | 76.6 | $550 | $42,130 |
| Adam Levitt | Partner | 23.2 | $750 | $17,400 |
| Edmund Aronowitz | Associate | 10.8 | $575 | $6,210 |
| Ronald E. Wittman | Paralegal | 6.3 | $200 | $1,260 |
| Sorah Kim | Paralegal | 6.0 | $200 | $1,200 |
| | | **122.9** | **$555** | **$68,200** |
| **Boucher LLP[1]** | | | | |
| Scott Tillett | Associate | 70.1 | $395 | $27,690 |
| Shehnaz Bhujwala | Partner | 18.9 | $625 | $11,813 |
| | | **89.0** | **$444** | **$39,502** |
| **Velton Zegelman** | | | | |
| Daniel Velton | Partner | 61.6 | $500 | $30,800 |
| Kevin Allen | Partner | 16.0 | $550 | $8,800 |
| | | **77.6** | **$510** | **$39,600** |
| **Cuneo Gilbert & LaDuca** | | | | |
| William Anderson | Partner | 39.6 | $575 | $22,770 |
| Charles J. LaDuca | Partner | 14.2 | $680 | $9,656 |
| Maria Schenk | Paralegal | 2.7 | $175 | $473 |
| Sandra Cuneo | Partner | 0.7 | $725 | $508 |
| | | **57.2** | **$584** | **$33,406** |
| **CounselOne** | | | | |
| Justin Kach | Associate | 47.3 | $385 | $18,211 |
| Anthony Orshansky | Partner | 9.7 | $575 | $5,578 |
| | | **57.0** | **$417** | **$23,788** |

---

[1]      Boucher LLP refers to work performed by attorneys and paralegals under the direction and supervision of Executive Committee member Shehnaz M. Bhujwala as partner of Boucher, LLP, and previously as a senior attorney at the law firms Khorrami Boucher, Sumner Sanguinetti, LLP, and Khorrami Boucher, LLP

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

| Name | Position | Hours | Rate | Lodestar |
|------|----------|------:|-----:|---------:|
| **Whitfield Bryson & Mason** | | | | |
| Caroline Ramsey | Associate | 9.0 | $350 | $3,150 |
| Gary E. Mason | Partner | 8.3 | $775 | $6,433 |
| Natasha Farmer | Associate | 4.0 | $325 | $1,300 |
| | | **21.3** | **$511** | **$10,883** |
| **Blood Hurst & O'Reardon** | | | | |
| Thomas J. O'Reardon II | Partner | 9.5 | $510 | $4,845 |
| Paula M. Roach | Associate | 5.2 | $410 | $2,132 |
| Timothy G. Blood | Partner | 2.6 | $695 | $1,807 |
| Geoff Laval | Project Attorney | 1.5 | $305 | $458 |
| | | **18.8** | **$492** | **$9,242** |
| **Law Offices of Todd M. Friedman** | | | | |
| Suren N. Weerasuriya | Associate | 2.3 | $300 | $690 |
| Erika Campany | Paralegal | 1.8 | $150 | $270 |
| Jason Rea | Paralegal | 1.8 | $150 | $270 |
| Todd M. Friedman | Partner | 1.5 | $450 | $675 |
| | | **7.4** | **$257** | **$1,905** |
| **Hyde & Swigart** | | | | |
| Joshua B. Swigart | Partner | 2.0 | $595 | $1,190 |
| Jessica Dorman | Associate | 0.1 | $295 | $30 |
| | | **2.1** | **$581** | **$1,220** |
| **Total** | | **632.4** | **$528** | **$333,950** |

**C.**   **November 12, 2013 - March 13, 2014 (Part 2):  Work by Lead Counsel Prior to Appointment.**

10.    As additional cases were filed, Girard Gibbs' efforts were devoted primarily to coordinating the overall litigation, both with respect to other plaintiffs' counsel and with respect to Adobe, and working on a consolidated complaint.  Among the tasks we undertook during this time period were:

- Preparing motions to relate as new cases were filed

- Negotiating a leadership structure amongst all plaintiffs' counsel

- Speaking with additional Adobe customers concerned about the data breach

- Requesting and reviewing plaintiff fact sheets for each of the named plaintiffs and other potential class representatives

- Coordinating the preservation of evidence by all potential class representatives

- Negotiating a protective order with Adobe and other plaintiffs' counsel

- Holding a Rule 26(f) conference with Adobe on behalf of all plaintiffs, and negotiated scheduling

- Reviewing expert qualifications and beginning discussions with potential experts

- Beginning to research and draft a consolidated complaint

- Working with Adobe and other plaintiffs' counsel to prepare a Joint Case Management Statement

- Preparing a Motion to Consolidate and for Appointment of Interim Lead Counsel, incorporating edits from co-counsel and Adobe

- Appearing at the Case Management Conference where the various cases were formally consolidated and Lead Counsel appointed

11.     The related case filings, motion for consolidation of lead counsel, and work on the consolidated complaint were primarily conducted by associates Caitlyn Finley and Rachel Naor.  Junior partner Matt George handled the Rule 26(f) conference and other of the communications with Adobe's counsel, while also consulting with experts and supervising the day-to-day work being conducted by associates.  And I continued to oversee case and pleading strategy, while also coordinating with other counsel to negotiate a framework for consolidation of the cases and a leadership structure.

| Name | Position | Hours | Rate | Lodestar |
|------|----------|-------|------|----------|
| Caitlyn D. Finley | Associate | 69.3 | $365 | $25,295 |
| Rachel A. Naor | Associate | 61.1 | $365 | $22,302 |
| Matthew B. George | Partner | 54.6 | $545 | $29,757 |
| Eric H. Gibbs | Partner | 43.6 | $695 | $30,302 |
| Kristen M. Boffi | Paralegal | 3.5 | $220 | $770 |
| Navneet K. Mattu | Paralegal | 3.4 | $190 | $646 |
| Dylan Hughes | Partner | 2.9 | $610 | $1,653 |
| **Total** | | **238.4** | **$465** | **$110,840** |

**D.     March 14, 2014 - September 4, 2014:  Appointment of Lead Counsel through Motion to Dismiss Ruling.**

12.     Following the initial Case Management Conference, where the Court consolidated the cases and appointed me to serve as interim lead class counsel, the next six months were devoted

6

primarily to preparing the consolidated complaint and successfully defending against Adobe's motion to dismiss.  The tasks accomplished during this time period included:

- Preparing Plaintiffs' initial disclosures

- Working with expert consultants to identify specific security deficiencies and proposed remedies for the Consolidated Complaint

- Evaluating 15 legal claims asserted in the various complaints and eventually narrowing the case to only four claims

- Identifying material contract provisions in Adobe's EULAs and General Terms of Use, and charting differences in hundreds of separate EULAs

- Implementing time and expense reporting protocols for all counsel

- Reviewing ADR procedures with named plaintiffs and filing required ADR forms

- Drafting the Opposition to Adobe's Motion to Dismiss

- Working with Adobe to prepare Joint CMC Statements

- Preparing for the hearing on Adobe's Motion to Dismiss (ultimately vacated)

13.     During this time period, Girard Gibbs as Lead Counsel was responsible for the majority of the work performed.  Junior partner Geoff Munroe refined Plaintiffs' legal theories, prepared the final version of the Consolidated Complaint, and drafted the opposition to Adobe's motion to dismiss; Matt George was responsible for the day-to-day operations of the case and prepared to argue the Motion to Dismiss; and Caitlyn Finley and Kathryn Schultz supported the briefing effort with legal and factual research.

14.     The firms on the Executive Committee performed discrete tasks to support Lead Counsel's efforts.  To assist with pleading the contract claims, Boucher and Blood Hurst helped prepare a chart identifying differences in the contract language used by Adobe in certain material provisions of its EULAs (which numbered in the hundreds).  Blood Hurst also developed a complimentary UCL theory that was in the consolidated complaint, and worked with Boucher LLP to research and draft a response to Adobe's motion to dismiss that particular claim.  Pritzker Levine worked with an expert consultant to identify inadequacies in Adobe's security and proposed remedies, and also helped research Adobe's argument that damages were necessary to adequately allege a declaratory relief claim.

7

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

Grant & Eisenhofer prepared Plaintiffs' initial disclosures and ADR forms, helped to revise the consolidated complaint, and researched the response to Adobe's argument that it lacked the exclusive knowledge required for a UCL claim.  And Whitfield Bryson helped respond to Adobe's request for judicial notice.

| Name | Position | Hours | Rate | Lodestar |
|---|---|---|---|---|
| **Girard Gibbs** | | | | |
| Geoffrey A. Munroe | Partner | 152.8 | $595 | $90,916 |
| Matthew B. George | Partner | 86.0 | $545 | $46,870 |
| Caitlyn D. Finley | Associate | 23.6 | $365 | $8,614 |
| Kathryn C. Schultz | Law Clerk | 17.8 | $200 | $3,560 |
| Eric H. Gibbs | Partner | 9.5 | $695 | $6,603 |
| Navneet K. Mattu | Paralegal | 8.2 | $190 | $1,558 |
| Kristen M. Boffi | Paralegal | 1.1 | $220 | $242 |
| Rachel A. Naor | Associate | 0.9 | $365 | $329 |
| | | **299.9** | **$529** | **$158,691** |
| **Boucher LLP** | | | | |
| Priscilla Szeto | Law Clerk | 26.4 | $185 | $4,884 |
| Shehnaz Bhujwala | Partner | 14.2 | $625 | $8,876 |
| Nic Underhill | Paralegal | 10.3 | $185 | $1,906 |
| | | **50.9** | **$308** | **$15,665** |
| **Grant & Eisenhofer** | | | | |
| Catherine O'Suilleabhain | Associate | 25.0 | $550 | $13,750 |
| Adam Levitt | Partner | 13.3 | $750 | $9,975 |
| Ronald E. Wittman | Paralegal | 3.5 | $200 | $700 |
| | | **41.8** | **$584** | **$24,425** |
| **Pritzker Levine** | | | | |
| Elizabeth Pritzker | Partner | 20.6 | $675 | $13,905 |
| Bethany Caracuzzo | Of Counsel | 16.1 | $550 | $8,855 |
| Shiho Yamamoto | Associate | 4.5 | $425 | $1,913 |
| | | **41.2** | **$599** | **$24,673** |
| **Blood Hurst & O'Reardon** | | | | |
| Jennifer MacPherson | Project Attorney | 9.3 | $410 | $3,813 |
| Timothy G. Blood | Partner | 8.1 | $695 | $5,630 |
| Paula M. Roach | Associate | 6.5 | $410 | $2,665 |
| Thomas J. O'Reardon II | Partner | 1.1 | $510 | $561 |
| | | **25.0** | **$507** | **$12,669** |

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

| Name | Position | Hours | Rate | Lodestar |
|------|----------|-------|------|----------|
| **Whitfield Bryson & Mason** | | | | |
| Gary E. Mason | Partner | 2.5 | $775 | $1,938 |
| | | **2.5** | **$775** | **$1,938** |
| **Cuneo Gilbert & LaDuca**[2] | | | | |
| William Anderson | Partner | 0.5 | $575 | $288 |
| | | **0.5** | **$575** | **$288** |
| **Total** | | **461.8** | **$516** | **$238,347** |

**E.** **September 5, 2014 - October 24, 2014: Discovery through Adobe's Initial Document Production.**

15. Following its ruling on Adobe's Motion to Dismiss, the Court opened discovery and the next few months required us to conduct a large amount of independent investigation and repeatedly meet and confer with Adobe. Adobe refused to produce anything in response to document requests unless we would first limit the requests to specific custodians and search terms, but Adobe was reluctant to cooperate with us in identifying potential custodians or search terms. For example, although Adobe used a code word to describe the data breach internally—a code word that would prove to be a very valuable search term—Adobe did not tell Plaintiffs about that code word during the meet and confer process, even when specifically asked how the company referred to the breach.

16. Similarly, Adobe was reluctant to identify employees connected with the data breach or document depositories like internal wikis and group hard drives. Plaintiffs were ultimately required to investigate public sources to deduce some of this information and to depose one of Adobe's Lead Systems Architects to learn other information. To be clear, I do not mean to disparage Adobe or its counsel. There may have been good legal or practical reasons for Adobe's initial reticence; the company eventually produced just the sort of targeted and highly informative documents that Plaintiffs were seeking, and Adobe's counsel exhibited a high degree of professionalism throughout the process. The purpose of these examples is only to help depict the dearth of information that Plaintiffs were faced

---

[2] Whitfield Bryson & Mason and Cuneo Gilbert & LaDuca (a non-Executive Committee firm) jointly represented Class Representative Jacob McHenry, and asked to be treated as a single firm. Over the course of the case we treated them as a single entity for purposes of assigning work. The firms are grouped separately in this declaration for clarity, but as a practical matter they functioned as a single unit.

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

with and why the initial phase of discovery was so laborious.  Among the tasks we performed during this period were:

- Developing a discovery plan and outline of proof needed for trial and class certification

- Drafting and revising document requests

- Repeatedly meeting and conferring with Adobe regarding document requests, custodians, search terms, and document repositories.

- Investigating potential document custodians using publicly-available information

- Preparing proposed search terms, a methodology for iterative searches, and proposed ESI protocol

- Consulting with experts to frame document requests and search terms

- Preparing for and taking the deposition of an Adobe Lead Systems Architect to identify document repositories, custodians, and appropriate search terms

- Negotiating a privilege log protocol with Adobe

17.     The vast majority of this first phase of discovery was performed by Lead Counsel, with Matt George primarily responsible for propounding discovery and leading the meet and confer efforts, with input from me and Geoff Munroe, and with support from associate Linh Vuong.  Toward the end of this time period, Dylan Hughes and David Berger took over primary responsibility for discovery and the day-to-day operations of the case.

18.     Members of the Executive Committee were called upon to assist Lead Counsel on a few occasions during this time period, with more assistance coming during the subsequent document review phase.  Grant & Eisenhofer researched sources for third party discovery, including governmental sources; Pritzker Levine consulted with a forensics expert on several discovery issues; Whitfield/Cuneo and Blood Hurst prepared a research memorandum on expected Rule 23(b)(2) issues for class certification; and Boucher helped identify potential custodians and select the appropriate Adobe employee to depose regarding sources of discoverable information.

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

| Name | Position | Hours | Rate | Lodestar |
|------|----------|-------|------|----------|
| **Girard Gibbs** | | | | |
| Matthew B. George | Partner | 99.6 | $545 | $54,282 |
| Linh G. Vuong | Associate | 65.7 | $365 | $23,981 |
| David M. Berger | Associate | 35.4 | $395 | $13,983 |
| Dylan Hughes | Partner | 25.5 | $610 | $15,555 |
| Geoffrey A. Munroe | Partner | 17.2 | $595 | $10,234 |
| Eric H. Gibbs | Partner | 8.9 | $695 | $6,186 |
| Kristen M. Boffi | Paralegal | 2.8 | $220 | $616 |
| Navneet K. Mattu | Paralegal | 1.9 | $190 | $361 |
| | | **257.0** | **$487** | **$125,197** |
| **Grant & Eisenhofer** | | | | |
| Catherine O'Suilleabhain | Associate | 12.9 | $550 | $7,095 |
| John C. Kairis | Partner | 10.2 | $750 | $7,650 |
| Adam Levitt | Partner | 3.4 | $750 | $2,550 |
| | | **26.5** | **$653** | **$17,295** |
| **Pritzker Levine** | | | | |
| Elizabeth Pritzker | Partner | 9.8 | $675 | $6,615 |
| Bethany Caracuzzo | Of Counsel | 3.4 | $550 | $1,870 |
| Shiho Yamamoto | Associate | 0.6 | $425 | $255 |
| | | **13.8** | **$633** | **$8,740** |
| **Cuneo Gilbert & LaDuca** | | | | |
| Taylor Asen | Associate | 7.7 | $500 | $3,850 |
| William Anderson | Partner | 3.6 | $575 | $2,070 |
| | | **11.3** | **524** | **$5,920** |
| **Blood Hurst & O'Reardon** | | | | |
| Paula M. Roach | Associate | 8.2 | $410 | $3,362 |
| Timothy G. Blood | Partner | 1.7 | $695 | $1,182 |
| Thomas J. O'Reardon II | Partner | 0.7 | $510 | $357 |
| | | **10.5** | **$462** | **$4,901** |
| **Boucher LLP** | | | | |
| Shehnaz Bhujwala | Partner | 9.4 | $625 | $5,875 |
| | | **9.4** | **$625** | **$5,875** |
| **Whitfield Bryson & Mason** | | | | |
| Gary E. Mason | Partner | 7.5 | $775 | $5,813 |
| | | **7.5** | **$775** | **$5,813** |
| **Total** | | **336.1** | **$517** | **$173,740** |

11

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

F.    **October 25, 2014 - December 3, 2014:  Document Review Through the First Mediation.**

19.     In late October 2014, Adobe delivered an initial document production consisting of about 25,000 pages.  These documents were a compilation of three separate productions that Adobe had made to the FTC.  The production was accordingly fairly disorganized and included a lot of unnecessary information; it was also, of course, fairly technical in many respects.  Organizing, reviewing, and understanding the production therefore required a lot of work.  In addition, the document production necessitated further meet and confer discussions.  Because the document production was not made earlier, we were unable to use the information in those documents to propose search terms and custodians.  After receiving the document production, we refined our proposals for ESI searches to Adobe and identified several questions and apparent holes in the production that needed to be addressed through subsequent productions.

20.     Once the initial document production was processed and understood, we were also well-positioned to assess the strength of our claims against Adobe, refine the remedial steps that we believed Adobe needed to take, and begin discussing a resolution with Adobe.  We participated in the case's first mediation on December 3, 2014, before Judge Edward Infante (Ret.), and while the mediation was not immediately successful, it would lead to a further mediation the next month and eventually to a signed settlement.

21.     Among the tasks we undertook during this second phase of discovery were:

- Reviewing Adobe's document production for use in refining ESI search proposals

- Developing a document coding protocol to facilitate more intensive review and organization of documents for use throughout the case

- Retaining e-discovery vendor for document review and conducting document review training

- Systematic reviewing, tagging, and indexing of Adobe's document production

- Keyword searching of document production to identify holes in production

- Meeting and conferring with Adobe regarding privilege logs and redactions

- Ongoing meeting and conferring with Adobe regarding ESI search issues, including reviewing metrics generated by iterative searches and pushing

12

Adobe to collect documents from repositories not searched in its initial collection efforts

- Preparing 30(b)(6) deposition categories and negotiating the scope of categories and dates for depositions with Adobe

- Researching testifying experts for use in class certification proceedings and/or trial

- Responding to Adobe's Requests for Documents, reviewing and processing of responsive documents provided by individual plaintiffs

- Working with Adobe to agree on a mediator and date for mediation

- Working with experts to better understand documents and develop proposed remedial steps in preparation for mediation

- Drafting the mediation brief

- Preparing for and attending mediation before Judge Edward Infante (Ret.)

22.     Lead Counsel again performed most of the work during this period, though the Executive Committee members were called upon to provide assistance with document review.  Partner Dylan Hughes and associate David Berger led the discovery efforts and were responsible for the day-to-day operations of the case; associate Linh Vuong also assisted with part of the document review.  In addition, I took the lead in handling the mediation, partner Geoff Munroe assisted in drafting the mediation brief and provided input on the discovery needed for class certification, and partner Amy Zeman came into the case near the end of this time period to handle defensive discovery, that is, working with the named plaintiffs and their counsel to begin preparing responses to document requests and interrogatories, and to gather responsive documents for production.

23.     Members of the Executive Committee were crucial during the document review phase, providing timely assistance that allowed us to process Adobe's document production in a short amount of time.  Associates at Grant & Eisenhofer, Whitfield/Cuneo, and Boucher all contributed to the document review project, while Blood Hurst helped arrange for the web-hosted document review system we used for the project.  And Pritzker Levine assisted with the mediation, as well as with Plaintiffs' responses to Adobe's document requests.

| Name | Position | Hours | Rate | Lodestar |
|------|----------|------:|-----:|---------:|
| **Girard Gibbs** | | | | |
| David M. Berger | Associate | 183.1 | $395 | $72,325 |
| Dylan Hughes | Partner | 70.2 | $610 | $42,822 |
| Amy Zeman | Partner | 34.0 | $395 | $13,430 |
| Geoffrey A. Munroe | Partner | 27.9 | $595 | $16,601 |
| Eric H. Gibbs | Partner | 26.3 | $695 | $18,279 |
| Linh G. Vuong | Associate | 23.8 | $365 | $8,687 |
| Matthew B. George | Partner | 21.7 | $545 | $11,827 |
| Kristen M. Boffi | Paralegal | 0.6 | $220 | $132 |
| Navneet K. Mattu | Paralegal | 0.2 | $185 | $37 |
| | | **387.8** | **$475** | **$184,138** |
| **Grant & Eisenhofer** | | | | |
| Catherine O'Suilleabhain | Associate | 51.4 | $550 | $28,270 |
| Ronald E. Wittman | Paralegal | 3.5 | $200 | $700 |
| Adam Levitt | Partner | 3.4 | $750 | $2,550 |
| | | **58.3** | **$541** | **$31,520** |
| **Boucher LLP** | | | | |
| Cathy Kim | Associate | 28.0 | $395 | $11,060 |
| Shehnaz Bhujwala | Partner | 1.0 | $625 | $625 |
| | | **29.0** | **$403** | **$11,685** |
| **Pritzker Levine** | | | | |
| Elizabeth Pritzker | Partner | 23.0 | $675 | $15,525 |
| Shiho Yamamoto | Associate | 0.6 | $425 | $255 |
| Bethany Caracuzzo | Of Counsel | 0.2 | $550 | $110 |
| | | **23.8** | **$668** | **$15,890** |
| **Cuneo Gilbert & LaDuca** | | | | |
| Julie Sorenson | Associate | 15.0 | $375 | $5,625 |
| William Anderson | Partner | 6.4 | $575 | $3,680 |
| | | **21.4** | **$435** | **$9,305** |
| **Whitfield Bryson & Mason** | | | | |
| Benjamin S. Branda | Associate | 13.4 | $300 | $4,020 |
| | | **13.4** | **$300** | **$4,020** |
| **Blood Hurst & O'Reardon** | | | | |
| Thomas J. O'Reardon II | Partner | 1.2 | $510 | $612 |
| Timothy G. Blood | Partner | 0.7 | $695 | $487 |
| | | **1.9** | **$578** | **$1,099** |
| **Total** | | **535.6** | **$481** | **$257,657** |

1

`

## G.     __December 4, 2014 - February 10, 2015:  First Mediation to Signing of MOU.__

2

24.     Following the first mediation, we continued to discuss a potential resolution of the case

3

with Judge Infante's assistance and soon arranged to hold a further day of mediation the next month—

4

after Adobe had produced some additional materials that Plaintiffs requested and had deposed Adobe's

5

designated representative.  The deadline for Plaintiffs to move for class certification was also fast

6

approaching and we continued to refine our documentary evidence while also working with experts and

7

beginning to brief the motion.

8

25.     After the second mediation on January 13th, we had made considerable progress on the

9

terms of settlement and Adobe agreed to a continuation of the class certification briefing schedule to

10

allow the parties to continue negotiating.  (Adobe was previously unwilling to continue the briefing

11

schedule unless the Court would also continue the April 30th hearing date, a request that the Court was

12

unable to accommodate.)  The parties ultimately reached agreement on the security measures that

13

Adobe would implement and maintain to resolve Plaintiffs' claims, and executed a Memorandum of

14

Understanding (MOU) to that effect on February 10, 2015.  Following agreement on the essential terms

15

of the settlement, the parties also reached agreement on the attorney fees and costs that Adobe would

16

pay to Plaintiffs' counsel.  Judge Infante made a mediator's proposal of $1.18 million, which both sides

17

accepted.

18

26.     The primary tasks accomplished during this time period included:

19

- Preparing a second round of requests for documents to Adobe

20

- Ongoing correspondence with Adobe regarding supplemental ESI search
  methodologies

21

22

- Reviewing additional documents provided by Adobe

23

- Ongoing consulting with experts to better understand technical documents

24

- Reviewing and synthesizing hot documents for use at class certification

25

- Deposing Adobe's 30(b)(6) witness and preparing for additional depositions
  of Adobe witnesses (rescheduled and ultimately cancelled following MOU)

26

27

- Working with named plaintiffs to produce documents in response to Adobe's
  document requests; indexing documents and tagging for confidentiality

28

- Preparing for depositions of named plaintiffs (cancelled following MOU)

---

15

- Analyzing potential damages methodologies and consulting with damages experts.

- Working on class certification brief and discussing areas of testimony with potential expert witnesses

- Preparing for and attending the second mediation before Judge Infante (Ret.)

- Negotiating with Adobe regarding specific security measures, followed by negotiations on attorney fees with Judge Infante's assistance

- Preparing the Memorandum of Understanding

27.    Throughout this time period, Dylan Hughes and David Berger continued to handle discovery and most day-to-day activities.  Geoff Munroe was responsible for analyzing potential damages methodologies and briefing class certification.  Amy Zeman was responsible for managing the named plaintiffs' production of documents and preparing them to appear for depositions.  And I handled settlement negotiations on behalf of Plaintiffs.

28.    Executive Committee members assisted in a few tasks during this time period. Whitfield/Cuneo conducted some residual document review in early December; Grant & Eisenhofer worked with Ms. Zeman to prepare the named plaintiffs' documents for production to Adobe; Pritzker Levine prepared their client for an upcoming deposition (cancelled following execution of the MOU) and assisted with the second mediation and follow-up negotiations; and Blood Hurst prepared for the deposition of an Adobe employee that was rescheduled at the last minute and was ultimately cancelled following execution of the MOU.

| Name | Position | Hours | Rate | Lodestar |
|------|----------|-------|------|----------|
| **Girard Gibbs** | | | | |
| David M. Berger | Associate | 174.8 | $395 | $69,046 |
| Geoffrey A. Munroe | Partner | 78.1 | $595 | $46,470 |
| Amy Zeman | Partner | 72.2 | $395 | $28,519 |
| Dylan Hughes | Partner | 67.8 | $610 | $41,358 |
| Eric H. Gibbs | Partner | 30.2 | $695 | $20,989 |
| Matthew B. George | Partner | 6.4 | $545 | $3,488 |
| Kristen M. Boffi | Paralegal | 3.4 | $220 | $748 |
| Linh G. Vuong | Associate | 0.6 | $365 | $219 |
| | | **433.5** | **$486** | **$210,837** |
| **Grant & Eisenhofer** | | | | |
| Catherine O'Suilleabhain | Associate | 47.7 | $550 | $26,235 |

16

| Name | Position | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Adam Levitt | Partner | 5.6 | $750 | $4,200 |
| | | **53.3** | **$571** | **$30,435** |
| **Cuneo Gilbert & LaDuca** | | | | |
| Julie Sorenson | Associate | 21.0 | $375 | $7,875 |
| William Anderson | Partner | 4.6 | $575 | $2,645 |
| Taylor Asen | Associate | 0.2 | $500 | $100 |
| | | **25.8** | **$412** | **$10,620** |
| **Pritzker Levine** | | | | |
| Elizabeth Pritzker | Partner | 15.8 | $675 | $10,665 |
| Shiho Yamamoto | Associate | 2.7 | $425 | $1,148 |
| Bethany Caracuzzo | Of Counsel | 1.7 | $550 | $935 |
| | | **20.2** | **$631** | **$12,748** |
| **Blood Hurst & O'Reardon** | | | | |
| Thomas J. O'Reardon II | Partner | 15.0 | $510 | $7,650 |
| Timothy G. Blood | Partner | 1.5 | $695 | $1,043 |
| | | **16.5** | **$527** | **$8,693** |
| **Boucher LLP** | | | | |
| Shehnaz Bhujwala | Partner | 3.9 | $625 | $2,438 |
| Cathy Kim | Associate | 0.2 | $395 | $79 |
| | | **4.1** | **$614** | **$2,517** |
| **Whitfield Bryson & Mason** | | | | |
| Benjamin S. Branda | Associate | 2.2 | $300 | $660 |
| | | **2.2** | **$300** | **$660** |
| **Total** | | **555.6** | **$504** | **$276,508** |

**H.   February 11, 2015 - Present:  Signing of MOU through Approval Motions.**

29.     The parties signed their MOU subject to limited confirmatory discovery and with the expectation that the parties would work together to convert the MOU to a formal settlement agreement and present the agreement to the Court for approval.  That process is typically time-consuming, as it involves a number of back-and-forth drafts and often intense negotiations over a variety of details.  In this case, a few unanticipated wrinkles made the process even more taxing than normal.

30.     First, the MOU had contemplated a Rule 23(b)(2) class settlement that would not have released any monetary claims class members might have.  After receiving and carefully reviewing and editing a first draft of a formal settlement agreement from Adobe, I began to question the value to class members, the parties, or the Court in structuring the deal as a Rule 23(b)(2) class settlement rather than

17

`

an individual settlement.  At this point, I worked with Mr. Munroe to take a fresh look at options other than an agreed-upon 23(b)(2) settlement structure.  In particular, what struck me is that in some 23(b)(2) class settlements, class members can monitor the defendant's compliance with the terms of the settlement and, if needed, move to enforce those terms on their own behalf.  But in this case, the security measures that Adobe had agreed to implement could not be monitored by class members—they were highly confidential, highly technical, and would be implemented on Adobe's non-public servers.  Ultimately, we concluded that a transparent individual settlement would be preferable to a Rule 23(b)(2) settlement, prepared a draft of a motion to dismiss the putative class claims and shared it and our legal research with Adobe as the basis to explore an alternative approach to our initial agreement.  After about two weeks, I discussed the alternative approach with Adobe's counsel.  After working through the details of how a 23(b)(2) settlement would work as opposed to an individual settlement, Adobe agreed that an individual settlement would be more straightforward and a superior way to proceed for everyone involved.

     31.    Second, after all the papers were finalized and the parties had agreed to terms, one of the named plaintiffs refused to execute the Settlement Agreement.  Like all the named plaintiffs, he had previously expressed consent, but decided that he would not sign unless Adobe changed the language used in certain provisions of the formal Settlement Agreement.  The language differences were immaterial from our perspective, but I could understand Adobe's annoyance at the last-minute development and its initial refusal to modify the language of the formal Settlement Agreement.  Over the course of 12 days, the hold-out plaintiff eventually modulated his position, as did Adobe, and the Settlement Agreement was again finalized and executed by all parties.  Neither of the two changes modified any of the material terms of the settlement.

     32.    The primary tasks undertaken during this final time period include:

- Working with Adobe to prepare the terms of a settlement agreement

- Negotiating several details in the agreement, leading Plaintiffs to propose an individual settlement rather than a Rule 23(b)(2) settlement

- Preparing a draft Motion for Voluntary Dismissal

- Working with Adobe to finalize the modified structure and approval motion

18

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

- Conducting confirmatory discovery with Adobe, primarily consisting of answers to technical questions

- Consulting with our expert regarding Adobe's answers to confirmatory discovery and preparing follow-up questions

- Conferring with all plaintiffs' counsel and all plaintiffs regarding the proposed settlement and obtaining plaintiff signatures

- Negotiating changes to the Settlement Agreement raised by one of the named plaintiffs

- Preparing the materials requested by the Court on attorney fees, including this declaration and the accompanying motion

33.   During this time period, I took the lead in all negotiations; Geoff Munroe provided input and prepared the Motion for Voluntary Dismissal and the attorney fee materials; and Dylan Hughes and David Berger handled confirmatory discovery and assisted in drafting the settlement.  The members of the Executive Committee each consulted with their clients regarding the settlement.  In particular, Boucher and Blood Hurst were instrumental in resolving the last-minute conflict with one of the named plaintiffs.

| Name | Position | Hours | Rate | Lodestar |
|------|----------|-------|------|----------|
| **Girard Gibbs** | | | | |
| Geoffrey A. Munroe | Partner | 114.2 | $595 | $67,949 |
| David M. Berger | Associate | 70.3 | $395 | $27,769 |
| Eric H. Gibbs | Partner | 66.4 | $695 | $46,148 |
| Dylan Hughes | Partner | 25.3 | $610 | $15,433 |
| Amy Zeman | Partner | 5.8 | $395 | $2,291 |
| Kristen M. Boffi | Paralegal | 2.7 | $220 | $594 |
| | | **284.7** | **$563** | **$160,184** |
| **Boucher LLP** | | | | |
| Shehnaz Bhujwala | Partner | 16.7 | $625 | $10,438 |
| | | **16.7** | **$625** | **$10,438** |
| **Pritzker Levine** | | | | |
| Elizabeth Pritzker | Partner | 14.5 | $675 | $9,788 |
| Shiho Yamamoto | Associate | 1.8 | $425 | $765 |
| | | **16.6** | **$647** | **$10,553** |
| **Grant & Eisenhofer** | | | | |
| Catherine O'Suilleabhain | Associate | 9.2 | $550 | $5,060 |
| | | **9.2** | **$550** | **$5,060** |

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

| Name | Position | Hours | Rate | Lodestar |
|------|----------|-------|------|----------|
| **Blood Hurst & O'Reardon** | | | | |
| Timothy G. Blood | Partner | 5.6 | $695 | $3,892 |
| Thomas J. O'Reardon II | Partner | 1.7 | $510 | $867 |
| | | **7.3** | **$652** | **$4,759** |
| **Total** | | **334.2** | **$571** | **$190,993** |

## II.   **LODESTAR CALCULATION**

34.   The table below reflects all attorneys and paralegals who contributed toward the litigation, the total number of hours they contributed, and the lodestar associated with those hours (for each attorney, I have also noted the year he or she was first admitted to practice before any state bar). To avoid including duplicative time, I have excluded all time devoted to cases filed after *Halpain* and prior to my appointment as lead counsel.  In other words, the chart includes only my firm's time and Executive Committee time for work performed at our direction and timely reported to lead counsel.

| Name | Position | Bar Date | Hours | Rate | Lodestar |
|------|----------|----------|-------|------|----------|
| **Girard Gibbs** | | | | | |
| David M. Berger | Associate[3] | 2008 | 463.6 | $395 | $183,122 |
| Geoffrey A. Munroe | Partner[3] | 2003 | 390.2 | $595 | $232,169 |
| Matthew B. George | Partner | 2005 | 281.3 | $545 | $153,309 |
| Eric H. Gibbs | Partner | 1995 | 194.1 | $695 | $134,900 |
| Dylan Hughes | Partner[3] | 2000 | 191.7 | $610 | $116,934 |
| Caitlyn D. Finley | Associate | 2012 | 148.7 | $365 | $54,276 |
| Amy Zeman | Partner[3] | 2010 | 112.0 | $395 | $44,240 |
| Linh G. Vuong | Associate | 2012 | 90.1 | $365 | $32,887 |
| Rachel A. Naor | Associate | 2012 | 62.0 | $365 | $22,630 |
| Kathryn C. Schultz | Law Clerk | | 17.8 | $200 | $3,560 |
| Kristen M. Boffi | Paralegal[3] | | 14.2 | $220 | $3,124 |
| Navneet K. Mattu | Paralegal | | 13.7 | $190 | $2,602 |
| | | | **1,979.4** | **$497** | **$983,754** |

---

[3]   Mr. Hughes and Mr. Munroe were partners at Girard Gibbs LLP until June 1, 2014, when they became partners at Gibbs Law Group LLP and Of Counsel to Girard Gibbs.  Ms. Zeman was an associate at Girard Gibbs until June 1, 2014, when she became a partner at Gibbs Law Group and Of Counsel to Girard Gibbs.  Mr. Berger became an associate at Gibbs Law Group and Of Counsel to Girard Gibbs in October 2014.  And Ms. Boffi was a paralegal at Girard Gibbs until June 1, 2014, when she became a paralegal at Gibbs Law Group.

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

| Name | Position | Bar Date | Hours | Rate | Lodestar |
|------|----------|----------|-------|------|----------|
| **Grant & Eisenhofer** | | | | | |
| Catherine O'Suilleabhain | Associate | 2007 | 146.2 | $550 | $80,410 |
| Adam Levitt | Partner | 1993 | 25.7 | $750 | $19,275 |
| John C. Kairis | Partner | 1987 | 10.2 | $750 | $7,650 |
| Ronald E. Wittman | Paralegal | | 7.0 | $200 | $1,400 |
| | | | **189.1** | **$575** | **$108,735** |
| **Pritzker Levine** | | | | | |
| Elizabeth Pritzker | Partner | 1990 | 83.7 | $675 | $56,498 |
| Bethany Caracuzzo | Of Counsel | 1997 | 21.4 | $550 | $11,770 |
| Shiho Yamamoto | Associate | 2009 | 10.2 | $425 | $4,335 |
| | | | **115.3** | **$630** | **$72,603** |
| **Boucher LLP** | | | | | |
| Shehnaz Bhujwala | Partner | 2002 | 45.2 | $625 | $28,250 |
| Cathy Kim | Associate | 2009 | 28.2 | $395 | $11,139 |
| Priscilla Szeto | Law Clerk | | 26.4 | $185 | $4,884 |
| Nic Underhill | Paralegal | | 10.3 | $185 | $1,906 |
| | | | **110.1** | **$419** | **$46,179** |
| **Blood Hurst & O'Reardon** | | | | | |
| Thomas J. O'Reardon II | Partner | 2006 | 19.7 | $510 | $10,047 |
| Timothy G. Blood | Partner | 1990 | 17.6 | $695 | $12,232 |
| Paula M. Roach | Associate | 2007 | 14.7 | $410 | $6,027 |
| Jennifer MacPherson | Project Attorney | 1999 | 9.3 | $410 | $3,813 |
| | | | **61.3** | **$524** | **$32,119** |
| **Cuneo Gilbert & LaDuca** | | | | | |
| Julie Sorenson | Associate | 2012 | 36.0 | $375 | $13,500 |
| William Anderson | Partner | 2004 | 15.1 | $575 | $8,683 |
| Taylor Asen | Associate | 2013 | 7.9 | $500 | $3,950 |
| | | | **59.0** | **$443** | **$26,133** |
| **Whitfield Bryson & Mason** | | | | | |
| Benjamin S. Branda | Associate | 2014 | 15.6 | $300 | $4,680 |
| Gary E. Mason | Partner | 1988 | 10.0 | $775 | $7,750 |
| | | | **25.6** | **$486** | **$12,430** |
| **Total** | | | **2,539.8** | **$505** | **$1,281,952** |

35.     Further information about the law firms and attorneys who contributed to the litigation can be found in the firm resumes attached hereto as follows:

**Exhibit 2**: Girard Gibbs firm resume

**Exhibit 3**: Grant & Eisenhofer firm resume

DECLARATION OF ERIC GIBBS RE PLAINTIFFS' ATTORNEY FEES
CASE NO. 5:13-cv-05226-LHK

`

**Exhibit 4**:  Pritzker Levine firm resume

**Exhibit 5**:  Boucher LLP firm resume

**Exhibit 6**:  Blood Hurst & O'Reardon firm resume

**Exhibit 7**:  Cuneo Gilbert and LaDuca firm resume

**Exhibit 8**:  Whitfield Bryson & Mason firm resume

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed June 24, 2015.


                                        _/s/_ Eric H. Gibbs_____