UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ADOBE SYSTEMS, INC. PRIVACY LITIGATION | Case No. 13-CV-05226-LHK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL** |

Before the Court is an administrative motion to seal several documents filed in connection with Plaintiffs' motion for approval of voluntary dismissal of putative class claims pursuant to settlement. ECF No. 86. As the designating party, Defendant has filed a declaration in support of the sealing motion, pursuant to Civil Local Rule 79-5. ECF No. 89.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447

F.3d at 1178-79.  Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact," however, "that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.*

Records attached to nondispositive motions are not subject to the strong presumption of access.  *See Kamakana*, 447 F.3d at 1179.  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.  *Id.* at 1179-80 (internal quotation marks omitted).  The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

It is unclear whether a motion to approve the voluntary dismissal of putative class claims is considered a dispositive motion, but some district courts have treated it as such.  *See, e.g.*, *Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2013 WL 5814763, at *2-3 (N.D. Cal. Oct. 29, 2013) (applying compelling reasons standard to motion to seal documents in connection with voluntary dismissal of putative Fair Labor Standards Act class action).  The Court need not decide which standard applies in this case, however, because the Court finds that Plaintiffs satisfy the higher "compelling reasons" standard.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  *Id.*

Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

With the foregoing in mind, the Court rules on the instant motion as follows:

| **Motion** | **ECF No.** | **Document** | **Ruling** |
|---|---|---|---|
| 86 | 86-4 | Plaintiffs' Motion for Approval of Voluntary Dismissal of Putative Class Claims Pursuant to Settlement | GRANTED as to proposed redactions. |
| 86 | 86-5 | Declaration of Eric H. Gibbs in Support of Motion for Voluntary Dismissal of Class Claims | GRANTED as to proposed redactions. |
| 86 | 86-6 | Confidential Audit Scope, Gibbs Declaration Ex. 1, Settlement Agreement, Confidential Attachment | GRANTED. |

**IT IS SO ORDERED.**

Dated: August 13, 2015

_____
LUCY H. KOH
United States District Judge